JOHN KUCZMA, Administrator of Estate of THAD-DUS LUBIEWSKI, and VICTORIA LUBIEW-SKI, Appellants, v. JOHN DROSZKOWSKI.

### Division One, May 31, 1912.

1. **APPEAL: Affidavit: Jurat Supplied Nunc Pro Tunc.** The failure to affix a jurat to an affidavit for appeal when filed, is cured by a subsequent order of the trial court, made upon a proper showing, directing the clerk of that court to attach his jurat by *nunc pro tunc* entry as of the date of the filing of the affidavit.

2. **JUDICIAL NOTICE: Terms of Circuit Courts.** The Supreme Court takes judicial knowledge of the beginning of the terms of the circuit courts as fixed by statute.

3. ————: **Days of the Month.** The Supreme Court takes judicial notice of the fact that the first Monday in April, 1909, was not the first day of that month.

4. ————: **Appeal: Fixing Term of Circuit Court.** The abstract recites that an appeal was granted April 1, 1909, but does not show that such appeal was allowed on one of the days of the February term. *Held,* by the court, taking judicial notice of the fact that a term of the trial court began on the first Monday in April, and that the first Monday in April, 1909, was not the first day of that month, that the first day of April was a part of the February term, where the statement in the abstract implies that no adjournment had taken place prior to the meeting of the April term.

5. **APPEAL: Record Proper: No Recital of Filing and Overruling of Motion for New Trial: Bill of Exceptions not for Review.** The fact that the abstract of the record proper fails to show that a motion for a new trial was filed and overruled, and that the only averment in relation thereto is contained in

the portion of the abstract setting forth the bill of exceptions, does not authorize the dismissal of the appeal or necessitate the affirmance of the judgment. The bill of exceptions cannot be reviewed, but the Supreme Court can consider the appeal upon the record proper, including the decree rendered in the court below.

6. ————: ————: ————: ————: Finding of Facts. Where the finding of facts and separate conclusions of law in an equity case were a part of the bill of exceptions, though not incorporated in the judgment, and the bill of exceptions cannot be reviewed, the Supreme Court cannot determine whether or not the decree rendered upon the special finding was correct. This is true for the further reason that this is an equity case, while the statute requiring the trial judge, upon request, to state in writing his conclusions of facts found separately from his conclusions of law, pertains only to legal actions.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

AFFIRMED.

*L. C. Kingsland* for appellants.

*William Hilkerbaumer* for respondent.

(1)   The motion of respondents, on file in this case, to have the judgment of the circuit court affirmed, or the appeal dismissed, should be sustained: (a) Because no proper affidavit of appeal was filed in this cause. Hence this court acquires no jurisdiction to hear this appeal. Peters v. Edge, 87 Mo. App. 283; Rosenberger v. Express Co., 155 Mo. App. 627. (b) Because the record as brought to this court by appellants does not show that an affidavit of appeal was filed, or that an appeal was allowed at the same term at which a judgment was rendered in said cause, or a motion for new trial was overruled. And further, said record does not show that any motion for a new trial was filed in the circuit court, or that any such motion was overruled. Either of these defects in the record is fatal to this appeal. Pennowfsky v. Coerver, 205 Mo. 135; Wallace v. Libby, 231 Mo. 343;

Keaton v. Weber, 233 Mo. 693; Harding v. Bedol, 202 Mo. 625.

BOND, C.—This suit to redeem was begun on the 16th of September, 1908, by the administrator and widow of a mortgagor of real estate against the purchaser at a foreclosure sale made on July 6, 1908. The petition alleged that the sum bid at such sale was a grossly inadequate price; that the trustee executed a deed and turned over possession to the defendant on the day of sale; that plaintiffs first heard thereof on the 10th of July, 1908, and tendered defendant the principal and interest and all costs of sale and all legal expenses, and asked to redeem the property, which tender defendant refused; that plaintiffs then gave notice of their intention to redeem, and on the 30th of July thereafter filed a bond as required by law. The answer admitted the purchase by defendant and the possession of the property by him, and denied the other allegations of the petition. The circuit judge found that the allegations of the petition were fully sustained by the evidence adduced on the trial, and filed a memorandum of his findings of fact and conclusions of law, which show that he denied relief to plaintiffs upon the theory that no notice of intention to redeem was given on the day of sale. From that decree plaintiffs appealed to this court. The defendant having since died, it is now revived against his representatives and heirs at law.

## OPINION.

I. It is urged by respondent, that no jurisdiction was vested in this court of this appeal for the reason that an affidavit therefor filed in the court below did not have a jurat affixed to it at the time it was filed. This point cannot be sustained. A supplemental abstract filed by appellant discloses that, upon a proper

showing in the court below, the clerk of that court was ordered to attach his jurat to the affidavit for appeal in this case on April 1, 1909 by *nunc pro tunc* entry as of date of the filing of the affidavit. This was proper and cured the imperfection. [Cooley v. Railroad, 149 Mo. 487; R. S. 1909, sec. 2120.]

The further contention of respondent, that the abstract on file does not show that the appeal recited therein to have been allowed on April 1, 1909, was allowed on one of the days of the February term of said court, cannot be sustained. This court takes judicial knowledge of the beginning of the terms of the circuit courts as fixed by statute. Under the law the circuit courts of the city of St. Louis hold five terms each year, beginning on the first Monday of the months of February, April, June, October and December. In 1909 we know judicially that the first Monday in April was not on the first day of the month, hence the first day of April was a part of the February term of the circuit court unless it had sooner adjourned. The statement in the abstract implies that no adjournment had taken place prior to the meeting of the April term. We rule this contention against respondent.

It is finally urged by respondent that so much of the abstract filed by appellant as relates or as purports to give entries upon a record proper in the court below, fails to show that a motion for new trial was filed and overruled, and that the only averment in relation to that is contained in the portion of the abstract setting forth the contents of the bill of exceptions. This point is well taken, but it does not authorize the dismissal of the appeal or necessitate the affirmance of the judgment. It simply excludes from review the contents of the bill of exceptions or any assignment of errors thereto, but leaves us free to consider the appeal upon the record proper including the decree rendered in the court below. [Hanks v. Hanks, 218 Mo. l. c. 676; Keaton v. Weber, 233 Mo. 691.] It is, how-

ever, insisted by appellant that the fact that nothing contained in the bill of exceptions is presented for review does not deprive this court of the right to determine whether or not the decree rendered upon a special finding of facts was correct. The finding of facts and separate conclusions of law in this case were a part of the contents of the bill of exceptions as set out in the abstract. They were not incorporated in the judgment, which, as shown by the transcript on file, was simply a dismissal of the suit without prejudice. This bill of exceptions is not before us, since the abstract of the record fails to show that a motion for new trial was filed and overruled. For that reason alone we cannot pass upon the correctness of the legal theory applied by the trial court to the facts found by him as shown in the memorandum thereof inserted in the bill of exceptions. But we could not do so for another reason. This is an action in equity, and by a decision of this court, in Banc, the statute requiring, upon request, the trial judge to state in writing his conclusions of facts found separately from his conclusions of law, pertains only to legal actions. [Walther v. Null, 233 Mo. 1. c. 110; Miller v. McCaleb, 208 Mo. 572; R. S. 1909, sec. 1972.] Some intimation of a different nature is contained in Bower v. Daniel,-198 Mo. 1. c. 318, but it will be seen from a recital of the facts in that case (*Ibid.*, 297) that the special findings made by the court were "spread upon the records of the court," and were agreed to be taken as true by the parties except as to certain items. The appellant duly excepted to the record, and thereby secured a review of the facts recited in the decree of the court below as a part of the record proper. This furnished a sufficient basis for the ruling in that case and made it unnecessary to make any suggestion, as to the effect, in a proceeding in equity, of a finding of facts made by the chancellor whether incorporated in his decree or not. Our view being thus restricted to a

consideration of the pleadings and judgment of dismissal without prejudice, it cannot be said that the latter was unwarranted by the former. It must therefore be affirmed. *Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion of BOND, C., is adopted as the opinion of the court. All the judges concur; *Woodson, J.,* in result.