CITY OF CARTHAGE, Respondent, v. EMPIRE ELECTRIC POWER AND SUPPLY COMPANY, Appellant.

Springfield Court of Appeals, April 4, 1916.

1. **APPEAL AND ERROR: Uncertainty of Judgment: Error Not Presented Below.** Action to enjoin defendant electric company from exceeding its rights under franchise given by plaintiff city, defendant contending that it had not violated its franchise. Injunction having been issued, defendant cannot object that the judgment did not show whether certain acts were violations, that matter not having been urged on motion for new trial.

2. **EQUITY CASES:** Findings of Facts and Conclusions of Law. R. S. 1909, sec. 1972, concerning written findings of facts and conclusions of law, is not mandatory as to suits in equity.

3. **INJUNCTIONS:** Sufficiency of Judgment. The franchise held by defendant from plaintiff city specified the purposes for which defendant might sell its current excluding lighting purposes. A judgment enjoining defendant from selling current for lighting is sufficiently definite.

4. **APPEAL AND ERROR:** Abstracts: Court Rules. Where the abstract did not comply with Springfield Court of Appeals' rule No. 15, relating to indexing and preparation of abstracts, judgment may be affirmed for that reason.

Appeal from Jasper County Circuit Court.—*Hon. Frank L. Forlow*, Special Judge.

AFFIRMED.

*Geo. W. Crowder* and *Gray & Gray* for respondent.

*Spencer & Grayston* for appellant.

ROBERTSON, P. J.—On December 29, 1902, the plaintiff city granted to the assignor of defendant a franchise to construct and operate an electric power station within said city. The franchise was "limited to the running·of electric fans and motor power for mechanical and heating purposes." The city owns its own electric light plant and supplies the inhabitants thereof with current for lighting purposes and also lights its street therewith. The defendant, as it now concedes, was violating its franchise in some respects and thereupon this plaintiff instituted this action to restrain it from delivering its electric current to consumers for the purposes prohibited by the franchise. As the result of a trial a judgment was entered in· behalf of the plaintiff as follows:

"Now at this day this cause comes again for hearing, plaintiff appearing by its city attorney, Geo.

W. Crowder and Howard Gray, also its attorney, and the defendant appearing by its attorneys, Spencer & Grayston, and both parties announce ready for trial, and the court, after hearing all the evidence, the argument of counsel, and being fully advised in the premises, doth find the issues in favor of the plaintiff, the city of Carthage, and that at the time this suit was instituted and now the defendant is violating its same franchise, and has been and now is furnishing electricity for light and lighting purposes to persons and corporations within the city of Carthage other than to its own plant, and that said acts are without warrant or authority of the said defendant, and in violation of the terms of the franchise offered in evidence, and under which it is operating in the city of Carthage. That the plaintiff is entitled to have the defendant restrained and enjoined from so doing.

"It is therefore ordered, adjudged and decreed by the court that the defendant, its officers, agents and servants be and are hereby permanently and forever restrained and enjoined from supplying, furnishing or in anywise delivering electricity either directly or indirectly for light or lighting purposes in the city of Carthage, and it is further ordered that the plaintiff have and recover of and from this defendant its costs in this behalf paid out and expended."

Within four days after the rendition of the judgment the defendant filed the following motion (and a motion for a new trial, both of which were overruled, and defendant has appealed):

"Comes now the defendant and moves the court to so modify the decree entered herein as to make the same more definite and certain in this; that the evidence offered by plaintiff tended to show that a certain customer of defendant used defendant's electrical current in an eye testing appliance or device; that other customers of defendant used defendant's current in moving picture machines; that other cus-

tomers of defendant used defendant's current for the purpose of operating mill machinery and produced electricity for lighting the plant by connecting the customer's own dynamo with the line shaft which was operated by electrical power supplied by the defendant, the current supplied by the defendant being of a different kind from that generated by means of the customer's motor; that plaintiff claimed that all such uses, acts and conduct were in violation of defendant's franchise in that they were not within the powers given by said franchise but were within the exceptions therein contained; that this decree is general, vague and uncertain in that it restrains defendant from directly or indirectly delivering electricity for lighting purposes and does not advise the defendant as to what acts, uses and purposes are prohibited.''

The defendant's brief is as follows:

I.

''The decree being so general, vague and uncertain as to leave appellant in doubt as to the scope or extent of the restraint imposed upon it, it was both the right and duty of appellant to apply to the court for a modification and construction of its decree. 2 High on Injunctions (4 Ed.), sec. 1416, p. 1426; 22 Cyc. 1019.

II.

''A decree for an injunction may be so indefinite and uncertain as to be void. 2 High on Injunctions (4 Ed.), sec. 1431a, p. 1441.''

An investigation of the decisions cited in the authorities relied upon by the appellant will disclose that the point now contended for by appellant originated with the opinion in the case of Wells, Fargo & Co. v. Oregon Railway and Navigation Co., 19 Fed. 20. In that case the defendant was required by an

injunction to furnish plaintiff certain facilities on its line of transportation as were adjudged to be necessary for the transaction of its business. Contempt proceedings were instituted and the judge in passing upon it stated: "If, however, the defendant or its manager thought that this was such a facility or convenience as it ought not, under the circumstances, to be required to furnish, and would not if the court's attention was specially called to the matter, he should have applied for a modification of the injunction in this respect, and not have undertaken to disregard it, with a view of testing the matter or otherwise."

Other citations made by the authorities relied upon by appellant either refer to the decision in the Oregon case or cite cases in which the decree itself provided for subsequent modification. The opinion in Rodgers v. Pitts, 8 Fed. 424, cites, in support of the right to have a decree construed, 45 Fed. 129, 131 and 53 Fed. 625, and in each of which the decree contained a provision for subsequent modification.

Whatever may be argued in behalf of the right of a party perpetually enjoined to have a construction of doubtful provisions of the judgment it clearly is true that in this case no such rule can be invoked. When the action was instituted in the case at bar alleging the violation of defendant's franchise, which it now admits, it filed a general denial and contested the case vigorously, requiring the plaintiff to make proof of all the facts which it now admits and when one of plaintiff's witnesses was testifying concerning the defendant furnishing current for lighting purposes at a picture show, referred to in defendant's motion, the defendant's attorney stated: "I am objecting to all this testimony on the theory the ordinance doesn't need any explaining." The court in effect overruled the objection and defendant excepted. In the motion for a new trial, filed at the same time as

the other motion, it is charged that the judgment is for the wrong party.

If defendant in its answer, or at the close of the testimony, if it did not learn until then (as is now said) that its employees were violating the franchise, had confessed its illegal acts, alleged the now contended for difficulties concerning the interpretation of its franchise, as applied to the facts set out in its motion, it would have at least been in the attitude of consistently requesting a more specific interpretation of its franchise, but as the matter now stands it has placed itself in the attitude of resisting all relief sought by appellant and when, and not before, it found that line of defense was of no avail it here asks that the trial court be convicted of error in not acting as its advisor and fixing the extreme limit to which it can go under its franchise.

It will be observed that the judgment in this case is as explicit as the limitation in the ordinance and if defendant had prior to the time when the judgment was entered placed itself in the same attitude toward the trial court as it has assumed here, doubtless a specific finding upon each of the facts which now appear difficult to the defendant would have been disclosed in the judgment entered. While it is true that the provision of section 1972, Revised Statutes 1909, concerning a written finding of facts and conclusions of law, is not mandatory as to suits in equity (Walther v. Null, 233 Mo. 104, 110, 134 S. W. 993 and Kuczma v. Droszkowski, 243 Mo. 57, 61, 147 S. W. 1000), yet the defendant in the case at bar is complaining because the judgment is not sufficiently definite, and that question was not submitted to the trial court in any manner or form until after the judgment against the defendant was entered. Prior to that time, from all that appears in the record, the defendant was contending that its franchise needed no explanation. The defendant was, so far as the record

discloses, contending all the time in the trial court that there was no violation of its franchise proven. It gave the trial court no opportunity, prior to judgment, to pass upon the point urged here. The petition alleged, generally, the violation of the franchise; this the defendant denied generally. The issue, therefor, being contested, and which the trial judge had to decide, was whether or not the defendant was guilty of violating the franchise. About this issue the contest was had. Naturally the trial judge proceeded to determine this one fact and did not have urged the necessity of discriminating between the various acts to ascertain the niceties of construction for which defendant now contends. Although the motion requested this to be done it came too late.

Waiving all questions of practice and the manner and form in which this question is sought to be raised and considering it upon its merits we hold that the judgment in this case is sufficiently specific and certain as against the attack now made on it. The courts cannot undertake to act as monitors for litigants. The judgment enjoins the defendant from "furnishing or in anywise delivering electricity either directly or indirectly for light or lighting purposes" and we do not believe that it was the duty of the court in this case to state in the judgment the exact extent to which defendant might proceed in furnishing its current under the franchise held by it. The authorities relied upon by the defendant do not go to that extent. This is not a case of the kind discussed or referred to in any of those cases, as a reading of them will clearly disclose. Nothing in the judgment in the case at bar is uncertain. There may be difficulties which may arise if the defendant becomes over anxious to obtain more than that to which it is entitled under its franchise, but no court can or should undertake to advise it of what it may or may not do under this judgment when it sought to place itself in

no position for a specific finding and adjudication upon the points now insisted upon before the judgment was entered.

What we have already said answers the second point in defendant's brief, except we may add that the language of the franchise is as general as that of the judgment and if the judgment is void for uncertainty, as is suggested by said point, the question naturally arises as to what benefit defendant can derive from this argument.

The judgment should be undisturbed for the further reason that our Rule 15, concerning abstracting records, has been wholly ignored.

The judgment as entered by the trial court is affirmed. *Sturgis* and *Farrington, JJ.,* concur.