IDA E. LUNDSTROM et al., Appellants, v. CITY OF EXCELSIOR SPRINGS et al.

Division Two, March 4, 1924.

1. **JUDGMENT: Decision on Merits: Equity.** Where the answer in a suit in equity asks for no affirmative relief, a decree reciting that "the court, after due consideration of the issues herein, finds there is no equity in the petition" and "the same is hereby dismissed" is a decision on the merits.

2. ————: ————: **Petition Alone: Cause of Action: Bill of Exceptions.** Where no question was raised at the trial concerning the sufficiency of the petition, and the suit in equity was submitted to the court upon the pleadings and proof, and the decree recites that "the court, after due consideration of the matters in issue herein, doth find that there is no equity in the petition" and "the same is hereby dismissed," the meaning of the decree is that the evidence adduced did not support the issues, and not that the formal allegations of the petition were insufficient to state a cause of action. And there being no bill of exceptions, nothing in the record proper can be construed as affecting the validity of the decree.

3. **EQUITY: Finding of Facts.** In the absence of a request a finding of facts is not required in an equity suit.

Appeal from Clay Circuit Court.—*Hon. Ralph Hughes, Judge.*

AFFIRMED.

*Craven & Bates* for appellants.

(1) The judgment of the circuit court is equivalent only to a finding that the petition did not contain sufficient facts to constitute a cause of action. Broussard v. Mason, 173 S. W. 699; Sec. 1402, R. S. 1909; Bates v. Bower, 17 Mo. 550. (2) Injunction is the proper remedy to prevent the issuance of tax bills by a city council where the issuance of tax bills would be illegal. Verdin v. City of St. Louis, 131 Mo. 26, 78; Skinker v. Heman, 148 Mo. 349, 354; Weganka v. City of St. Joseph, 212 S. W. 71; Stallman v. City of Clayton, 226 S. W. 315; Gist v. Construction Co. 224 Mo. 377. (3) Where a court is called upon to pass upon the facts it is his duty to make a general finding of all the facts, and whether or not he is requested to do so by the parties or either of them. Sec. 1402, R. S. 1919. (4) Although the findings of the court contained in and made a part of the judgment entry may not be properly a part of the decree of the court, they become the foundation on which the decree rests. 21 C. J., 583-584, sec. 720; Patterson v. Patterson, 200 Mo. 340; McKenney v. Wood, 108 Me. 335; Smith v. Smith, 222 Mass. 102.

*R. T. Stephens, Harris L. Moore* and *Clarence S. Palmer* for respondents.

(1) Where an equity case is submitted to the court on petition, answer and proofs, a judgment of the court dismissing plaintiffs' petition, for want of equity, is a judgment on the merits and not on the pleadings. Since appellants have brought up only a part of the record proper, there is nothing before this court to impeach the judgment of the trial court. Sec. 1402, R. S. 1919; Maffenbier v. Gearhart, 257 Ill. 315; Thurston v. Thurston, 99 Mass. 39; Bradish v. Grant, 119 Ill. 606; Williams v. Hollingsworth, 5 Lea (Tenn.) 358; Scully v. Ry. Co., 46 Ia. 528; Freeman on Judgments, sec. 270; Black on Judg-

ments (2 Ed.) secs. 720, 721, 722.  (2)  The action was prematurely brought, as the determination of vital questions regarding the right to the issue of tax bills rested with the council.  The general rule is that a municipal corporation, in the exercise of legislative power in relation to the subjects committed to its jurisdiction, can no more be enjoined than the legislature.  22 Cyc. 890; Brown v. Phillips, 254 S. W. 702.

WALKER, J.—This is a proceeding in equity in which the plaintiffs seek to restrain the city of Excelsior Springs from issuing special tax bills for the construction of certain district sewers.  The defendants are the city, the mayor, the city engineer, the members of the council and the contractors who did the work.

The answer of the defendants put in issue the allegations of the petition.  The case having been tried as in equity on the 25th day of March, 1922, was submitted to the court upon the pleadings and proof and was taken under advisement.  On May 6, 1922, the court rendered therein the following judgment:

"Now, on this 6th day of May A. D. 1922, come again the parties, by their respective attorneys, and the court, after due consideration of the matters in issue herein, and being now sufficiently advised in the premises, finds that there is no equity in the petition of the plaintiffs and hereupon denies the prayer thereof.

"Wherefore, it is considered, ordered, adjudged, and hereby decree by the court that the plaintiffs' bill be and the same is hereby dismissed, and that the defendants go hence without day and recover of the plaintiffs their costs in this behalf expended and incurred, and have thereof execution."

From this judgment the plaintiffs have appealed to this court.  Time was taken for the preparation of a bill of exceptions, but nothing is before us except portions of the record proper.

I.  There is no tenable ground for the assumption that the trial court did not determine this case upon its

302 Mo. Sup.—40.

merits. What purpose could be subserved either in set-
ting out in the court's findings the presence

**Decision on Merits.** of the parties and their attorneys followed by
the entry that "the court, after due considera-
tion of the matter in issue, finds that there is no equity in
the petition and denies the prayer thereof," unless the
hearing had been upon the merits. No affirmative relief
was asked by the defendants and under such circum-
stances the decree or judgment was in the form frequently
employed and which has not, so far as we are informed,
been criticized. A case in point, illustrative of the correct-
ness of this conclusion, is that of Foote v. Gibbs, 1 Gray
(Mass.) 412, in which it is said: "There is nothing to in-
dicate the grounds of dismissal in this case, except the
fact of dismissal, after an appearance for the defendants.
But the authorities, both in England and in this country,
are decisive, that a general entry of 'bill dismissed,' with
no words of qualification, such as 'dismissed without
prejudice,' or 'without prejudice to an action at law,' or
the like, is conclusively presumed to be upon the merits,
and is a final determination of the controversy."

II. The findings of the judgment at bar are sufficient
to authorize the application of the presumption recog-
nized in Thurston v. Thurston, 99 Mass. 39, and other
cases of like tenor cited by the respondent. There was no
question raised at any time concerning the suf-

**Cause of Action.** ficiency of the petition. The record, preliminary
to the submission of the case, expressly declares
that the cause was submitted "upon the pleadings and
proof adduced." Thus submitted the court reached its
conclusion in regard thereto "after due consideration of
the matter in issue." What was the matter in issue?
From the petition, which must be our measure in deter-
mining the plaintiff's meaning, it was to obtain a writ of
injunction. It was therefore the determination of this
question which the court had under consideration and
which it disposed of adversely to the plaintiffs. The
court's finding, therefore, that there was "no equity in

the petition'' in view of all the facts, cannot be otherwise construed than as meaning that the evidence adduced did not support the issue attempted to be made, and not that the formal allegations of the petition were insufficient to state a cause of action.

III.   It is enough to say that there was no request for a finding of facts, and in the absence of such a request a finding was not required by the statute

Finding of
Facts.

and our rulings construing the same.   [Fruin v. O'Malley, 241 Mo. 250; Carthage v. Electric Co., 193 Mo. App. 565.] The judgment, therefore, is not subject to objection on account of its generality.

Only a part of the record proper has been preserved for review. Nothing therein can be construed as affecting the validity of the judgment. The court was clothed with complete jurisdiction to hear and determine the case. The judgment being regular will be affirmed. All concur.

Headnotes 1 and 2: Judgments: 33 C. J. sec. 153 (1926 Anno). Headnote 3:   Trial, 38 Cyc. 1957.