Walter VALENTINE, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 36392.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Jan. 6, 1976.

Christopher T. Hexter, Richard A. Freedman, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Robert H. House, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., St. Louis, for respondent.

PER CURIAM.

This appeal from an order entered on May 31, 1974 in the Circuit Court for the City of St. Louis denying the application of Walter Valentine to reopen the above case and to file an Amendment (which the trial court considered as a motion to vacate judgment and sentence under Rule 27.26) is dismissed for failure to comply with the provisions of Rule 84.04 for the reasons hereinafter stated.

On January 4, 1972, Movant was found guilty by a jury in the Circuit Court for the City of St. Louis of the offense of Robbery in the First Degree by Means of a Dangerous and Deadly Weapon. After denying Movant's Motion for a New Trial, the trial court entered judgment on the jury verdict and sentenced Movant to a term of twenty years in the custody of the Missouri Department of Corrections. On January 16, 1973, Division No. 1 of this Court affirmed the judgment of the Circuit Court in that cause. *State v. Valentine,* 490 S.W.2d 290. There-after, on April 5, 1973, Movant filed a Motion to Vacate Judgment and Sentence pursuant to the provisions of Rule 27.26, which motion was heard on June 28, 1973, and a decision denying said motion was entered on June 29, 1973. No appeal was taken from this judgment. On March 27, 1974, Movant filed his pro se motion in the same post-conviction proceeding from which judgment no appeal had been taken seeking to have that proceeding re-opened and the motion itself amended. As stated above, the trial court treated this latter motion as a second Motion under Rule 27.26, appointed counsel to represent the Movant and conducted a hearing on said motion wherein the Movant testified in support of his Motion. The thrust of his testimony was that prior to his conviction on the Robbery charge he had been a patient in the State Hospital No. 1 in Fulton, Missouri, for more than a year and that he had no memory of discussing with the attorney representing him, both prior to and at the time of his trial, anything about a psychiatric report from the Hospital nor about any hearing relative to that report. When asked if he informed his attorney at that time regarding his ability to assist in his defense he replied: "I probably did." However, when asked what he told his attorney relative to his ability to assist in his defense, he said: "No sir, I don't remember." He did testify that his attorney never discussed with him the possibility of having examinations by doctors other than the doctors at Fulton. The Assistant Circuit Attorney did not cross-examine the Movant and no other witnesses were produced by either party to the Motion. It was stipulated by the parties, however, that at the time Movant was charged with the Robbery of which he was convicted, his counsel filed a request under the provisions of § 552.020, subsection 2[1] for examination of Movant by a psychiatrist to determine whether he had a mental disease or defect and lacked the capacity to

---

1. Statutory references are to RSMo 1969 as amended by Laws 1969, p. 572 and Laws 1971, p. 96, § 1.

understand the proceedings against him or to assist in his own defense and whether at the time of the alleged criminal conduct he, as a result of mental disease or defect, did not know or appreciate the nature, quality or wrongfulness of his conduct or as a result of mental disease or defect was incapable of conforming his conduct to the requirements of law; that as a result of that application the Movant was ordered conveyed to the State Hospital at Fulton for psychiatric examination; that a report was filed in the Circuit Court that Movant did not at the time of the offense suffer from a mental disease or defect which would "be sufficient to result in a not guilty verdict for that reason" and that he was competent to stand trial; that trial counsel never contested this report as provided by subsection 6 of § 552.020. In addition to the foregoing, the trial court had before it all records pertaining to the original conviction in Cause No. 739–T, including a psychiatric examination of the Movant.

At the conclusion of the evidence the trial court permitted Movant's counsel to file an amendment to his Application to Reopen which reads:

"1) Movant alleges that his trial counsel in Cause No. 739–T (the Robbery charge) inadequately represented movant by failing to request a hearing, pursuant to Section 552.020(6) in which he could have challenged the Psychiatric Report submitted by Fulton State Hospital on the issues of movant's competency to stand trial and the existence of a mental disease or defect going to movant's guilt in Cause No. 739–T.

2) Trial counsel's failure to challenge the report pursuant to Section 552.-020(6) resulted in movant being ineffectively represented in violation of the 6th & 14th Amendments to the U.S. Constitution & Article I Section 10 of the Mo. Constitution."

At the hearing Movant, through his counsel, abandoned and dismissed all grounds initially set forth in his second motion and proceeded on those grounds contained in the amendment aforesaid.

The trial court issued findings of fact, conclusions of law and decision in detail and dismissed the "Application" of Movant on the grounds that it was violative of Rule 27.26(d) or, in the alternative that Movant was not denied effective assistance of counsel on the grounds alleged.

Movant, in this Court, presents three points relied on as grounds for reversal of the trial court and for a judgment vacating his judgment and sentence in Cause No. 739–T. They are:

"I. The Circuit Court erred in dismissing Appellant's amended motion for post conviction relief in that Appellant has been denied rights under Missouri Supreme Court Rule 27.26.

"II. The Circuit Court erred in denying Appellant relief under Missouri Supreme Court Rule 27.26 in that Appellant was given ineffective assistance of counsel.

"III. The Circuit Court erred by making Findings of Fact and Conclusions of Law not in compliance with Supreme Court Rule 27.26 and Sec. 552.020 V.A.M.S.; therefore this Court should vacate and set aside the lower court's holding."

■ A proceeding of this nature is an independent civil action and on appeal is governed by the Rules of Civil Procedure insofar as they are applicable. Rule 27.-26(a). Rule 84.04 requires that the points relied on shall state briefly and concisely what actions or rulings of the trial court are sought to be reviewed and why they are claimed to be erroneous, with citations of authorities thereunder. The rule also states that setting out only abstract statements of law without showing how they are related to any action or ruling of the trial court is not a compliance with the Rule.

■ Movant's "Points Relied On" are mere abstract statements and do not state

the "why" or "wherein" the actions of the trial court were erroneous with specificity. An appellate court has no duty to search the argument portion of Movant's brief to ascertain the import of abstract statements presented in the points relied on portion of Movant's brief and will not do so in this appeal. Points of trial court error asserted as they are here preserve nothing for review. *Cole v. Cole,* 516 S.W.2d 518, 520[4, 5] (Mo.App.1974).[2]

For the reasons stated above Movant's appeal from the judgment of the Circuit Court denying his Application is hereby dismissed.

All Judges concur.

2. In relation to the necessity of defense counsel who requests a psychiatric examination for defendant and who receives a report that defendant is competent to stand trial to contest said finding, see *Shubert v. State,* 518 S.W.2d 326, 328[3, 4] (Mo.App. 1975).