**STATE of Missouri ex rel. STATE HIGHWAY COMMISSION of Missouri, Appellant,**

v.

**Max Allen NICKERSON et al., Exceptions of Max Allen Nickerson et al., and I. J. Nickerson et al., Respondents.**

**No. KCD 27660.**

Missouri Court of Appeals, Kansas City District.

Aug. 2, 1976.

772

Bruce A. Ring, State Highway Commission, Thomas E. Cheatham, Jefferson City, for appellant.

Robert C. Smith, Smith, Lewis & Robers, Columbia, Robert J. Quigley, Kay & Quigley, Eldon, for respondents.

Before SHANGLER, P. J., and HANNA O'LEARY and L. SMITH, Special Judges.

PER CURIAM.

Defendant landowners in this condemnation case obtained judgment for $30,000 pursuant to jury verdict. Plaintiff appeals. The appeal must be dismissed for failure of plaintiff's counsel to file an adequate brief in compliance with Rule 84.04, Missouri Rules of Civil Procedure.

Defendants filed a motion to dismiss the appeal, following the filing of plaintiff's original brief, for insufficiencies in the jurisdictional statement, in the statement of facts, and in the statements of points relied on.

By order of this court of June 26, 1975, the motion to dismiss the appeal was "taken with the case" and plaintiff-appellant granted 30 days to rebrief. Within 30 days thereafter plaintiff filed a "Supplemental" brief.

The aforementioned supplemental brief of plaintiff contains only the style of the case and the "Points Relied on", with case citations. The only thing appearing, not in the original brief of plaintiff, is the addition of a phrase to each of the three points relied on. The original points relied on gave no reasons as to "wherein and why" the rulings of the court sought to be reviewed were claimed to be erroneous. The supplemental brief basically met this deficiency.

However, plaintiff's statement of facts in the original brief, and not touched upon in the supplemental brief, is inadequate and not in compliance with Missouri Rule 84.-04(c) which provides, "The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument."

The three points relied on by plaintiff are:

I. The court erred in refusing to strike the testimony of witness Craig because his values included the value of personal property.

II. The court erred in refusing the testimony of Commissioners, Clotworthy and

Anson, to impeach the defendants' claims that the property taken was used.

III. The court erred in refusing plaintiff's Instruction Number A which withdrew the element of traffic which is noncompensable.

Examples will be given of some of the deficiencies in the Statement of Facts. With reference to Point I in the Statement of Facts plaintiff makes reference only to witness Craig's testimony that his values included that of a going business and personal property (the animals) and that plaintiff's motion to strike the testimony was overruled. Other relevant facts of testimony bearing upon the issue and favorable to defendant are not given. This would include: the witness' testimony as to the before and after value of the property in question; the witness' denial at one point that he had taken into consideration the value of any animals; his statement at one point that the animals did not really have a great deal to do with what you would give for the property.

Concerning Point II in the Statement of Facts plaintiff makes only brief reference to plaintiff calling to the stand a court appointed Commissioner to refute the claims that areas within the new right of way (taken by the state) had been used in connection with defendants' business. The statement omits reference to the fact that Commissioner Clotworthy had stated on direct testimony that he had been appointed by the court to make the appraisal and that such testimony occurred after prior warnings by the court that plaintiff should not inject the Commissioner's appointment into the trial of the case. Nor is reference made to the fact that Commissioner Anson had never been called by plaintiff as a witness.

With reference to its third point in the Statement of Facts plaintiff merely states that "After the issue of diversion of and loss of traffic was injected into the case by defendants' witnesses" (with references being made to the transcript) plaintiff offered a certain instruction (for the jury not to consider loss of traffic) which was denied. The statement is argumentative and facts are not set out supporting the plaintiff's contention that loss of traffic was injected into the case by defendants' witnesses. And no mention is made as to the offered instruction being a modification of an MAI instruction.

 The transcript in this case consists of some 495 pages. Plaintiff's Statement of Facts is contained in one and one-half pages in its brief. Surplusage is not desired. However, the court is not sufficiently advised of the facts to obtain a full understanding of the case and the issues involved. Plaintiff-appellant had the legal obligation to furnish the reviewing court with an "immediate, accurate and unbiased understanding of such facts so that they may be readily related to the legal issues presented for determination". *Devoy v. Devoy,* 502 S.W.2d 428, 430 (Mo.App.1973). Plaintiff's brief failed in this respect.

 Plaintiff's Statement of Facts emphasizes statements of facts favorable to itself and omits other facts essential to the position of defendants. Such statements do not constitute compliance with Missouri Rule 84.04(c). *Geiler v. Boyer,* 483 S.W.2d 773, 774 (Mo.App.1972).

With respect to appellant's brief, it should also be noted that a proper jurisdictional statement is not made and it is improperly stated that the appeal is from a denial of a motion for new trial (rather than from the judgment of the trial court). And in the original brief the style of the case incorrectly shows plaintiff as the respondent and defendants as the appellants.

 As pointed out by this court in *Ward v. Johnson,* 480 S.W.2d 104, 107 (Mo.App. 1972):

"(These Rules of Civil Procedure relating to appeals) should and must be substantially followed and not disregarded. The courts in the past have meticulously pointed up the reasons for each rule, laid down simple examples and guidelines, and indulged in generous forgiveness and excuse for deviation.

"But modern realities no longer permit a disregard of these standards by either the bench or the bar."

As a consequence, many appeals have been dismissed, pursuant to motion, for failure of the appellant to file a brief in accordance with the Rules.[1]

■ Plaintiff-Appellant failed to file a sufficient brief in compliance with Missouri Rule 84.04(c) even after being advised by order of this court to submit another brief. Neither good cause nor the interests of justice require this court to make an exception in this case to enforcement of above rule.

Accordingly, the appeal is dismissed.

1. Recent examples include: *Haywood v. Haywood,* 527 S.W.2d 36 (Mo.App.1975); *Matter of Search Warrant of Property, etc.,* 528 S.W.2d 452 (Mo.App.1975); *Cope v. McClain,* 529 S.W.2d 6 (Mo.App.1975); *Matter of Estate of Langford,* 529 S.W.2d 31 (Mo.App.1975); *Forbes v. Gates,* 530 S.W.2d 18 (Mo.App.1975); *Collector of Revenue of the City of St. Louis v. Parcels of Land,* 531 S.W.2d 100 (Mo.App. 1975); *Valentine v. State,* 532 S.W.2d 877 (Mo. App.1976); *State ex rel. State Highway Commission v. Govero,* 533 S.W.2d 639 (Mo.App. 1976); *State v. Curry,* 533 S.W.2d 687 (Mo. App.1976); *Minton v. ACF Industries, Inc.,* 535 S.W.2d 503 (Mo.App.1976); *State v. Brown,* 535 S.W.2d 606 (Mo.App.1976).