**Roger HAGEN et al.,**
**Petitioners-Appellants,**

v.

**PERRYVILLE BOARD OF ALDERMEN,**
**Respondents.**

**No. KCD 28212.**

Missouri Court of Appeals,
Kansas City District.

Feb. 28, 1977.

Motion for Rehearing and/or Transfer
Denied May 2, 1977.

Application to Transfer Denied
June 14, 1977.

Lawrence J. Fleming, London & Greenberg, St. Louis, for petitioners-appellants.

Alex Bartlett, Hendren & Andrae, Jefferson City, for respondents.

Before SWOFFORD, P. J., and SHANGLER and DIXON, JJ.

DIXON, Judge.

Petitioners, police officers of the town of Perryville, Missouri, appeal the dismissal of their petition for administrative review. After suspension by the Chief of Police and approval by the Mayor, the petitioners requested and were afforded a hearing before the Perryville Board of Aldermen. The hearing was attended by the Mayor, five of the six members of the Perryville Board of Aldermen, the three suspended officers and their attorney, the city attorney, an attorney advising the Mayor, Ray Pourney, the City Marshal and Chief of Police, and his attorney. Testimony was taken from witnesses at this hearing and the Perryville Board of Aldermen later made findings and rulings. These findings and the Board's ruling that the officers be suspended without pay for 35 days are supported by substantial evidence.

On November 19, 1974, Officers Hagan, Brace, and Zahner filed a petition for administrative review (§ 536.010 et seq. RSMo 1969) in the Circuit Court of Cole County, Missouri praying that the findings and rulings of the Perryville Board of Aldermen be vacated, that the petitioners be compensated for the pay forfeited, that the records of this disciplinary action be expunged from the personnel file and that the Perryville Board of Aldermen be ordered to pay a reasonable sum for the expenses incurred in connection with the action. The respondents, the Perryville Board of Aldermen, moved the court to dismiss the action, and the court dismissed the action on the ground that § 536.110, RSMo 1969, required that copies of the petition be mailed to the agency by registered mail and that proof of such delivery or mailing be filed in the case but that the petition filed in the court was not accompanied by proof of delivery or mailing as required by the statute. Petitioners perfected this appeal and claimed that the trial court erred in dismissing their petition on the ground stated.

Both parties have proceeded with this cause under the provisions of the Administrative Review Act (§ 536.010 et seq., RSMo 1969) and have consistently treated it as a "contested case" under that Act. It will be reviewed in that posture. *Kopper Kettle Restaurants, Inc. v. City of St. Robert,* 439 S.W.2d 1 (Mo.App.1969); and see *State ex rel. Police Retirement System of the City of St. Louis v. Murphy,* 359 Mo. 854, 224 S.W.2d 68 (banc 1949).

The trial court's ruling will be upheld if it can be sustained on any reasonable theory, and the issue of the proof of the service of the petition need not be reached or decided. *State ex rel. State Highway Commission v. Nickerson,* 539 S.W.2d 771 (Mo.App.1976); *Simpson v. Spellman,* 522 S.W.2d 615 (Mo. App.1975). Respondents have asserted that the Circuit Court of Cole County never acquired jurisdiction over the petitioners' cause of action because the petition for administrative review was filed more than thirty days after the delivery of the notice of the Perryville Board of Aldermen's final decision.

Section 536.090, RSMo 1969, provides in part: "Immediately upon deciding any contested case the agency shall give written notice of its decision by delivering or mailing such notice to each party, or *his attorney of record,* . . . ." (Emphasis added). In the brief filed in this court, petitioners' attorney states, "The Board's Findings were delivered to Appellant's attorney in St. Louis on October 19, 1974, . . . ." This statement is taken as true for purposes of this appeal.[1] The transcript does not reveal the manner of service of the Board's final decision but the issue of the timeliness of filing the petition for review was raised in the City's motion to dismiss. Appellant did not present any proof of a service date other than as set forth in his brief. Appellant also approved the transcript with no reference to the manner and date of service.

Section 536.110, RSMo 1969, provides in part: "1. Proceedings for review may be instituted by filing a petition in the circuit court . . . within thirty days after the mailing or delivery of the notice of the agency's final decision." Petitioners filed their petition for review on November 19, 1974.

■ Rule 44.01 provides in part: "*(a) Computation.* In computing any period of time prescribed or allowed by these rules, . . . or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday . . . ." November 19, 1974, was a Tuesday. An appellate court takes judicial notice of the calendar and date on which a particular day of

1. *Ace Mining & Milling Co. v. R. U. Mining Co.,* 247 S.W. 172 (Mo.1922); *State v. Ray,* 225 S.W. 969 (Mo.1920); *Baker v. Baker,* 274 S.W.2d 322 (Mo.App.1954); *Davis v. Davis,* 354 S.W.2d 526, 531 (Mo.App.1962).

the week fell. *Meriwether v. Overly,* 228 Mo. 218, 129 S.W. 1 (1910); *Kuczma v. Droszkowski,* 243 Mo. 57, 147 S.W. 1000 (1912).

■ Having received notice of the agency's final decision on October 19, 1974, petitioners seeking review would have had to file their petition for review on or before November 18, 1974. The filing of the petition for review on November 19, 1974, was filed on the 31st day after its delivery. Such a filing was not timely on the transcript and record here presented, and this constituted a jurisdictional defect which could not be waived. *Lafayette Federal Savings & Loan Association of Greater St. Louis v. Koontz,* 516 S.W.2d 502 (Mo.App. 1974); *Moore v. Damos,* 489 S.W.2d 465 (Mo.App.1972); *State Board of Registration for the Healing Arts v. Masters,* 512 S.W.2d 150 (Mo.App.1974). The trial court, being without jurisdiction over the matter, was bound to dismiss the action and properly did so.

The judgment is affirmed.

All concur.