Raymond L. HALLER, Plaintiff-Appellant,

v.

Victor R. SHAW, Defendant-Respondent.

No. KCD 28763.

Missouri Court of Appeals, Kansas City District.

Aug. 29, 1977.

L. Clay Barton, Cochran, Tyree, Oswald & Miller, Blue Springs, for plaintiff-appellant.

Clyde G. Meise, Meise, Cope & Loughlin, Kansas City, for defendant-respondent.

Before DIXON, P. J., and WASSERSTROM and TURNAGE, JJ.

DIXON, Presiding Judge.

Plaintiff appeals from an order of the circuit court setting aside a default judgment. The issue is whether the trial court had jurisdiction to vacate the default judgment. Appeal dismissed.

Plaintiff filed suit in the circuit court against defendant, Victor R. Shaw, and other parties, for breach of contract, fraud, and misrepresentation. In 1974, plaintiff filed an amended petition for breach of contract, fraud, and misrepresentation. Defendant Shaw did not file answer nor did he appear at the hearing on March 11, 1976. After that hearing, judgment was entered against defendant, Victor R. Shaw, for $27,500 actual damages and $50,000 punitive damages.

On the 12th day of April, 1976, defendant, Victor R. Shaw, filed a motion to vacate the default judgment. On April 12, 1976, Judge Forest W. Hanna vacated the default judgment entered on March 11, 1976 against defendant, Victor R. Shaw.

Plaintiff's sole contention is that the trial court lacked jurisdiction to grant the defendant's motion because more than thirty days had elapsed since the entry of the judgment.

Rule 75.01 gives the trial court superintending control over its judgments for a period of thirty days. It provides in part:

"The trial court retains control over judgments during the thirty day period after entry of judgment and may vacate, reopen, correct, amend or modify its judgment for good cause within that time . . . ."

■ Rule 44.01 describes how time limitations found in rules, orders, or statutes are to be computed. It provides in pertinent part:

"(a) Computation. In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation."

Appellate courts take judicial notice of calendars and dates on which a particular day of the week fell. *Meriwether v. Overly*, 228 Mo. 218, 129 S.W. 1 (1910); *Kuczma v. Droszkowski*, 243 Mo. 57, 147 S.W. 1000 (1912).

■ By reference to a calendar for 1976, the first day to be counted under Rule 44.01(a) was March 12, 1976. The thirtieth day thereafter (which is to be included) is April 10, 1976, which was a Saturday. This being the case, the period of time "runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday." The next such day is Monday, April 12, 1976, the day on which defendant's motion to vacate the default judgment was filed and ruled. Cases cited by plaintiff where a trial court acted beyond the thirty days are inapposite since the court acted upon the thirtieth day. The motion was timely filed. *Boone v. Danforth*, 463 S.W.2d 825 (Mo. banc 1971); *Bowling v. Webb Gas Company, Inc. of Lebanon*, 505 S.W.2d 39 (Mo.1974).

■ Defendant requests that the order of the trial court be affirmed. It is not appropriate to affirm. An order setting aside a default judgment, entered within thirty days after entry of the default judgment, is not appealable because there is no final judgment. *Altman v. Werling*, 509 S.W.2d 787 (Mo.App.1974); *O'Mara v. Gingrich*, 424 S.W.2d 92 (Mo.App.1968); *Harper v. Harper*, 379 S.W.2d 889 (Mo.App.1964). The appeal should be dismissed, which has

the effect of reinstating the cause in the trial court.

Appeal dismissed.

All concur.