**STATE of Missouri, Respondent,**

v.

**Edward B. BARBER, Appellant.**

**No. KCD 29177.**

Missouri Court of Appeals, Kansas City District.

Oct. 30, 1978.

Mark D. Johnson, Public Defender, Sixth Judicial Circuit, Platte City, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and SWOFFORD, C. J., and WASSERSTROM, J.

SWOFFORD, Chief Judge.

Appellant (defendant) was convicted of the molestation of a female minor child, Section 563.160 RSMo 1969, by information filed September 2, 1975. This information alleged that the criminal act charged occurred on August 17, 1975. The defendant waived trial by jury and was tried on October 12, 1976 and found guilty and was sentenced to two years imprisonment. His after-trial motions were denied and this appeal followed.

The single point of error raised by defendant, in summary, is that he should have been discharged after all of the evidence for the reason that no evidence was adduced to establish that the criminal act charged had occurred on *August 17, 1975*. This point is devoid of merit.

An extended recitation of the facts is unnecessary, but those bearing upon the date of the molestation should be briefly noted.

The evidence adduced by the state and from the testimony of other witnesses, including the defendant, clearly established, that B_____ K_____ M_____, a female then 9 years of age, her mother, two brothers, her sister, and a man named Driscoll, who later became her stepfather, attended a "Funfair" at Sugar Creek, Missouri, held for the benefit of a Muscular Dystrophy fund on August 16, 1975. After the carnival the group returned to the Great Plains Motel at Platte City, Missouri around midnight and the children were put to bed in a camper sleeper parked at that location. Shortly thereafter the defendant, an acquaintance of the family, who was also at the "Great Plains" went to the camper to "check on the children", crawled inside and the molestation occurred, the sordid details of which need not be related. Shortly thereafter Driscoll went to the camper also to check the children, and found the defendant inside, on top of B_____ K_____ M_____. At that time, defendant said to Driscoll, "This is not what you think" and Driscoll ordered him out of the camper.

The mix-up in the date of these events came about when during her examination at the trial B_____ K_____ M_____, then 11 years of age and the victim-prosecutrix, was asked and answered as follows:

"Q. Now, did you in *August of this year*, 1976 go to a Funfair in Sugar Creek, Missouri?

A. Yes."

She then related the facts of the molestation.

B_____ K_____ M_____'s mother testified that this event and the family's attendance occurred on Saturday, August 16, 1975, as did Driscoll. The defendant, although testifying at one point that the events occurred on August 12, 1976 after a Funfair benefit, at another point testified the date as Saturday, August 16th. He admitted his presence in the camper on an occasion, but denied the molestation. Defense witness Cox stated the Funfair was on Saturday, August 16, and witness Lakey stated it occurred on a Saturday. It was stipulated that defense witness Bowman would testify that the Funfair date was August 16, 1975.

Finally, the court called defense counsel's attention to the fact that the Funfair was held on Saturday, August 16, and defense counsel acquiesced and acknowledged that such was a fact and was the date he was referring to in his interrogation of the witnesses.

■ This Court and the court below can take judicial notice that August 16 fell on a Saturday in 1975, and on a Monday in 1976. Courts can take judicial notice of the calendar. *Meriwether v. Overly*, 228 Mo. 218, 129 S.W. 1 (1910); *Kuczma v. Droszkowski*, 243 Mo. 57, 147 S.W. 1000 (1912); *City of Gladstone v. Knapp*, 458 S.W.2d 885 (Mo. App.1970).

■ The testimony of the 11-year old prosecutrix that the events related by her occurred in 1976, in response to a leading question in a situation fraught with novelty and accompanying excitement and nervous tension must be considered a natural mistake in view of the overwhelming evidence that the events leading up to and surrounding the molestation occurred in 1975. It is the general rule that "the testimony of either of two or more witnesses testifying to the same occurrence may be looked to in order to identify the time of the offense". 23 C.J.S. Criminal Law § 915, p. 622; *State v. Jackson*, 519 S.W.2d 551 (Mo.App.1975).

The fact that the prosecuting witness may have been uncertain or mistaken as to the exact date is of no significant importance in this case so long as there is competent evidence that the crime occurred before the information was filed and was not barred by the three-year statute of limitations. *State v. Summers*, 489 S.W.2d 225 (Mo.App.1972); *State v. Garner*, 481 S.W.2d 239 (Mo.1972), a child molestation case. Hence, there was strong, competent and convincing evidence to sustain the conviction in this case and to repel the sole contention that the time of the offense was not established.

The judgment is affirmed.

All concur.