**STATE of Missouri, Respondent,**

v.

**Howard THOMAS, Appellant.**

**No. WD 31734.**

Missouri Court of Appeals,
Western District.

July 14, 1981.

Peter N. Sterling, Acting Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Henry T. Herschel, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

TURNAGE, Judge.

Howard Thomas was convicted after a bench trial of sodomy, § 563.230, RSMo 1969, and was sentenced to ten years in prison.

On this appeal Thomas contends the young victim was not competent to testify because he remembered the date of the offense only because his father told him; that the evidence was insufficient to show the date of the offense because of a conflict in the evidence as to the date; and the court erred in refusing to permit a police officer to testify to the date the victim told him the offense occurred. Affirmed.

The victim was C.E., a nine-year old boy. C.E. was first examined to determine his competency to testify and after hearing such testimony the court ruled he was competent. C.E. testified that he spent the night with Thomas, a next door neighbor, on December 30, 1978, and that the act of sodomy occurred about 10:00 or 10:30 P.M. C.E. testified that was the last night he spent at the Thomas home. C.E. stated he placed the date because his father told him that was the date it occurred. C.E. also testified that a police officer had come to his house on January 19, 1979, and he had told the officer the event occurred about a week before.

C.E.'s mother testified that the last time C.E. spent the night at the Thomas residence was on December 30, 1978. She testified that C.E. had told her about the sodomy and a police officer came to their home and took a report.

The first contention concerns the competency of C.E. to testify because he was under the age of ten, and by § 491.060, RSMo 1969, a rebuttable presumption arose that he was incompetent. *State v. Singh*, 586 S.W.2d 410, 415–6[6] (Mo.App. 1979) sets out the standards by which the competency of a person under the age of ten is to be established. The court in this case, after

hearing C.E. testify to establish his competency, found that he was able to distinguish right from wrong, remembered the events about which he testified, was able to express clearly his recollection and showed intelligence. This met the requirement set out in *Singh* and the findings of the trial court are fully supported by the record. The court's determination that a person under the age of ten is qualified to testify will be reversed only for a clear abuse of discretion. *Singh* at 416–7[7–9].

The only attack on the competency of C.E. to testify is the fact that he testified to the date and said his father told him the date the event occurred. Other testimony given by C.E. indicated he had a clear recollection of the act and was able to describe it without difficulty. His testimony revealed that he met the qualifications required to establish his competency. A reliance on the father in testifying together with some inconsistencies in her testimony, did not disqualify a youngster in *Singh*, p. 416. The court did not err in allowing C.E. to testify.

Thomas next contends the court should have sustained his motion for judgment of acquittal because of conflict in the evidence as to the date of the occurrence. As mentioned, C.E. testified the event took place on December 30, 1978. He also testified he had told a police officer it had occurred about one week prior to January 19, 1979. Thomas contends the date is vitally important because the new criminal code became effective after January 1, 1979, and the date establishes the statute which was violated.

In *State v. Barber*, 573 S.W.2d 77, 79[2, 3] (Mo.App. 1978) this court held the fact that the prosecuting witness may have been mistaken or uncertain as to the exact date a crime occurred was of no significance so long as there was competent evidence that the crime occurred before the information was filed and that it was not barred by the statute of limitations.

The testimony of C.E.'s mother that C.E. last spent the night with Thomas on December 30, 1978, together with C.E.'s steadfast testimony that the crime occurred on the last time he spent the night with

Thomas, constituted substantial and competent evidence from which the court could find that the offense occurred on December 30, 1978. The discrepancy in C.E.'s testimony went to his credibility which the court resolved by its judgment. *State v. Sigh*, 579 S.W.2d 657, 658[1–3] (Mo.App. 1979).

Thomas finally contends that the court erred in refusing to allow the police officer to testify in behalf of Thomas that C.E. had told him the crime occurred one week before January 19, 1979. As pointed out, C.E. testified that he told the officer the crime occurred one week before January 19, 1979. In *State v. Wallach*, 389 S.W.2d 7, 13[3] (Mo. 1965) the court stated:

"The witness having admitted the prior inconsistent statements, subsequent proof of them as a part of defendant's case was not only unnecessary, they were inadmissible and the court did not err in excluding them."

In view of C.E.'s admission that he told the officer the crime occurred a week prior to January 19, 1979 there was no error in refusing to allow the officer to testify to that fact.

The judgment is affirmed.

All concur.