CASE 59—ORDINANCE  WARRANTS—DECEMBER 3.

# Kentucky Club v. City of Louisville.
# University Club v. City of Louisville.

#### APPEALS FROM LOUISVILLE CITY COURT.

SALE OF LIQUOR BY SOCIAL CLUB.—Where a social club purchases liq-
uor in large quantities and furnishes it to its members, no member
being permitted to drink or consume any of it without paying directly
out of his individual means to the club the price per drink or bottle
charged therefor, there is a selling by retail within the meaning of a
city ordinance requiring every club-house and club-room wherein liq-
uors are sold by retail to pay a license.

ROZEL WEISSINGER FOR APPELLANTS.

Furnishing liquor by a social club to its members is not selling by
retail as forbidden by ordinance of the city.   (Louisville City Code,
pp. 395, 396, 405, sec. 32.)
    Such furnishing is not a sale within the meaning of the law. (Ben-
jamin on Sales, sec. 1; Graff v. Evans, L. R., 8 Q. B. D., 373; Seine
v. State, 55 Md., 566; Tennessee Club v. Dwyer, 44 Lea., 452; Com-
monwealth v. Smith, 102 Mass., 144; State v. Smith, 5 Hum., 394;
Commonwealth v. Pomphret, 137 Mass., 564; Commonwealth v.
Ewing, 145 Mass., 119.)

H. S. BARKER FOR APPELLEE.

The sale by a social club of liquor to a member is a sale within the
prohibition of the law and is "retailing" within the meaning of the
law.  (Martin v. The State, 59 Ala., 86; Marmout v. The State, 48
Ind., 22; Rickart v. The People, 79 Ill., 75; The State v. Mercer,
32 Iowa, 405; Tennessee Club v. The Taxing District, 7 Lea, 291.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Against the appellant in each of these two cases, which
will be considered and determined together, an ordinance
warrant was issued; under it each was tried in the City
Court of Louisville, and judgment rendered against each
for $55.   The offense charged against them, respectively,
is that of unlawfully keeping a club-house in the city of

Louisville wherein malt and spirituous liquors were sold
by retail without first having obtained a license so to do.

The ordinance they are charged to have violated is as
follows: "Any club-house and club-room and every
place of resort generally known as such, wherein malt,
fermented, vinous or spiritous liquors are sold by retail
within the city of Louisville, shall pay a license of $200."

Express power is given by the city charter to the gen-
eral council to fix, and require paid, licenses under ade-
quate penalties by "each tavern or hotel, coffee-house,
club-room or any other establishment wherein malt, fer-
mented, vinous or spiritous liquors are sold by retail
within said city."

But though it is admitted that each of appellants, who
were respectively created by law corporations, regularly
purchased by wholesale or in large quantities spirituous,
vinous and malt liquors, which were taken to and kept
at its club-house and disposed of by retail to its respect-
ive members or stockholders, for which each paid accord-
ing to the quantity called for and consumed by him, yet
it is contended that the process devised for accomplishing
the end of exchanging the money of the drinker for the
liquor, by the small, of the owner and keeper of the club-
house, does not amount to a sale by retail in meaning of
either the charter or ordinance mentioned.

It is made to appear from agreed state of facts that
each association or club is composed of members who
each pay an admission fee of twenty-five dollars, and be-
sides three dollars monthly; and that it was organized
"for the social pleasure of its members, and for furnishing
them the convenience of a place of meeting for amuse-
ment, conversation or rest, and facilities for reading, writ-

Kentucky Club v. City of Louisville.

ing, eating, drinking, smoking, etc., and that the club is *bona fide* a social club and not organized for the purpose of evading the license tax."

It further appears that " wines and liquors are served by the drink or bottle, and the members receiving them sign a ticket with the cost price marked thereon, which tickets are paid monthly, but the members may pay cash, and this is occasionally done."

Although according to the by-laws of each club none but members are permitted to purchase liquor directly, though a member may carry a stranger there and "treat" him to one or more drinks, still the decisive fact exists that in each case the corporation purchases by wholesale and distinctly owns the liquor, and no member is permitted to drink or consume any of it without paying directly out of his individual means to the corporation the price per drink or bottle fixed and charged therefor. To say that under such circumstances the defendant in each of the cases, the corporation and owner of the liquor, has not violated the ordinance in selling by retail without license, would be an abuse of terms; for the privilege of selling by retail is essentially exercised by each corporation, how much profit being made makes no difference, and liquor may be purchased and drunk there by the bottle or glass if paid for, in the same way it is done at a coffee-house.

Judgment affirmed in each case.