Francys A. PERRYMAN, Respondent,

v.

Tommie Lee PERRYMAN, Appellant.

No. 35231.

Missouri Court of Appeals,
St. Louis District,
Division 2.

March 19, 1974.

Fenton & Prinster, St. Charles, for respondent.

Wolff & Todt, Clayton, for appellant.

CLEMENS, Acting Presiding Judge.

Divorce action by wife, Francys Perryman, seeking a divorce, child custody, alimony and child support. By his answer defendant-husband Tommy Perryman sought no affirmative relief but only the dismissal of plaintiff's petition. By formal decree entered January 16, 1973 the court dismissed plaintiff's petition, granted temporary child custody to each party and awarded child support to plaintiff for the times she had custody. On February 2, 1973 the trial court denied defendant's motion for a new trial and on February 15, 1973 defendant filed a notice of appeal from the January 16 judgment.

We look to our appellate jurisdiction.

■ Rule 81.05(a), V.A.M.R., declares that for purpose of appeal a judgment becomes final when the trial court rules on a motion for a new trial. That date was February 2, 1973. The denial of defendant's motion for a new trial "constitutes a final judgment in itself." In Re Jackson's Will, 291 S.W.2d 214 [6–8] (Mo.App. 1956). Thus a motion for new trial is the basic after-trial motion and disposition thereof makes the judgment final. Hughes v. St. Louis National League Baseball Club, Inc., 359 Mo. 993, 224 S.W.2d 989 [1–3] (Mo.Banc.1949).

■ The time of the judgment's finality, February 2, 1973, fixed the beginning of the time within which defendant had to file a notice of appeal. Rule 81.04 declares no appeal shall be effective unless a notice of appeal is filed within ten days after a judgment becomes final. Here defendant filed his notice of appeal on February 15, 1973, the thirteenth day after the judgment became final by the trial court's denial of his motion for new trial.

■ Our jurisdiction depends on the timely filing of a notice of appeal and lacking that our only permissible action is to dismiss the appeal. Hance v. Johnson, Stephens & Shinkle Shoe Co., 306 S.W.2d 80 [1–4] (Mo.App.1957).

Appeal dismissed.

McMILLIAN and GUNN, JJ., concur.