**LAFAYETTE FEDERAL SAVINGS AND LOAN ASSOCIATION OF GREATER ST. LOUIS, Plaintiff-Appellant,**

v.

**Paul G. KOONTZ et al., Defendants-Respondents,**

**Jefferson Savings and Loan Association of Ballwin, Missouri, Intervenor-Respondent.**

**No. 35828.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Nov. 26, 1974.

David F. Crossen, Clayton, for plaintiff-appellant.

Irven L. Friedhoff, Jefferson City, for defendants-respondents.

Robert W. Henry, Clayton, for intervenor-respondent.

DOWD, Chief Judge.

Appeal from an order of the Circuit Court of St. Louis County sustaining respondent Jefferson Savings and Loan Association's motion to dismiss plaintiff-appellant's petition for review of a decision of the Savings and Loan Commission of Missouri. We affirm.

Plaintiff-appellant filed a petition in the Circuit Court seeking review of an order of the Savings and Loan Commission of Missouri. The order was issued on June 27, 1973, and affirmed the decision of the Supervisor granting respondent Jefferson Savings and Loan Association of Ballwin, Missouri permission to establish a branch office in the vicinity of plaintiff-appellant's home office. Pursuant to § 536.110 RSMo 1969, V.A.M.S., plaintiff-appellant filed a petition for review of the Commission's order in the Circuit Court on September 14, 1973.

On October 25, 1973, respondent Jefferson Savings and Loan filed a motion seeking to intervene and also to dismiss plaintiff-appellant's petition for review, on the grounds that the 30 day time period for filing the petition had expired. On October 31, 1973, trial court sustained the motion to intervene and also respondent's motion to dismiss plaintiff-appellant's petition. Plaintiff appeals from the order dismissing its petition for review.

Chapter 369 of the Revised Statutes governs Savings and Loan Associations. § 369.319 RSMo 1969, V.A.M.S., provides that appeals from decisions and orders of the Supervisor shall be taken to the Commission. Decisions by the Commission shall be made as provided in the Administrative Procedure Act, Chapter 536 of the Revised Statutes. Thereafter, review of a decision by the Commission is in the Circuit Court, upon the filing of a petition in the court within 30 days after the notice of the Commission's decision is mailed or delivered. § 536.110 RSMo 1969, V.A.M.S. Appellant admits that the petition for review was not filed within this 30 day period.

The right to seek review of an agency decision originates in the Missouri Constitution, Article V, § 22, V.A.M.S. The procedure by which this review may be had is defined by the legislature. State v. Stanton, 311 S.W.2d 137, 140 (Mo.App. 1958). This procedure is set out in Chapter 536, and the failure to follow that procedure is jurisdictional. Randles v. Schaffner, 485 S.W.2d 1, 3 (Mo.1972). "Where judicial tribunals have no jurisdiction to act, their proceedings are absolutely void." Randles v. Schaffner, supra.

Plaintiff-appellant would have us waive this jurisdictional defect in its suit below. It argues that it clearly indicated its intention to appeal the Commission's decision in letters sent to the Commission, Respondent Jefferson Savings and Loan and its attorney of record. In those letters, plaintiff-appellant erroneously stated that it had 90 days in which to file notice of its appeal to the Circuit Court, relying on § 369.660 RSMo 1969, V.A.M.S., which had been repealed in 1971. Plaintiff-appellant received a letter from the Commission saying that the Commission would not object to the late filing of the petition for review. Plaintiff-appellant argues that this court should waive the jurisdictional defect in the interest of substantial justice. We do not agree that this court has this power.

There is a clear legislative mandate against the position argued by plaintiff-appellant. § 506.060(2), RSMo 1969, V.A.M.S. The cases are in conformity with this section of the statutes. In Bash v. Truman, 335 Mo. 1077, 75 S.W.2d 840, 842 (1934), the Supreme Court held that proceedings by a court without proper jurisdiction are void, and that "it is a maxim of the law of procedure that litigants can not by consent confer jurisdiction of the subject-matter." The right of appeal is purely statutory and courts may not enlarge the period in which notice is required. Such timely notice is a prerequisite to jurisdiction. Hance v. Johnson, Stephens & Shinkle Shoe Co., 306 S.W.2d 80, 82 (Mo.App.1957). *Also see* Holly Investment Company v. Kansas City, 450 S. W.2d 451 (Mo.App.1970); Perryman v. Perryman, 507 S.W.2d 671, 672 (Mo.App. 1974).

While we are in sympathy with plaintiff-appellant, we find nothing in the statutes or the case law in Missouri which would permit this court to waive the jurisdictional defect in the suit below. Rather, the case law and statutes prohibit this or any court from so doing.

Respondent Jefferson Savings and Loan has also filed a motion for damages for a frivolous appeal. The rule applied in such cases is found in St. Louis-San Francisco Railway Co. v. Morrison, 439 S.W.2d 27, 31 (Mo.App.1969), wherein the court said that appellate courts are "loath to impose the penalty in any case and do so only where it is clear the appeal is not the result of an honest mistake as to the application of the law to the facts involved." The court went on to say that even though the appeal in that case was without merit, there was no evidence that the appeal was taken in bad faith, especially since it was briefed and argued in apparent sincerity.

Plaintiff-appellant presents a rather novel argument in urging us to waive the jurisdictional defect below. However, we cannot say that an appeal is taken in

bad faith just because it is novel or a difficult position to argue. Here, as in the case above, the appeal was argued and briefed in apparent sincerity, and we do not believe an award of damages would be appropriate in this case. The motion for damages for an alleged frivolous appeal is denied.

The order of the Circuit Court sustaining the motion to dismiss plaintiff-appellant's petition for review is affirmed.

WEIER, CLEMENS and RENDLEN, JJ., concur.