Irene McMILLIN, Plaintiff-Respondent,

v.

SEARS, ROEBUCK AND CO., Defendant-Appellant.

No. 36226.

Missouri Court of Appeals, St. Louis District, Division Three.

May 13, 1975.

Anderson, Gilbert, Wolfort, Allen & Bierman, Karl J. Keffler, St. Louis, for defendant-appellant.

Lloyd E. Eaker, Clayton, for plaintiff-respondent.

GUNN, Judge.

Plaintiff-respondent sought damages against defendant-appellant Sears Roebuck and Co. on a charge of malicious prosecution. A jury verdict was returned in plaintiff's favor for actual and punitive damages. Sears has appealed, and we affirm the judgment.

This case had its inception when plaintiff's husband purchased an air conditioner from Sears and charged the cost of it to his account without plaintiff's knowledge or participation. When plaintiff's husband failed to make payment of the charge, Sears sought to collect from plaintiff who disclaimed any knowledge of the account and who, in fact, had no account with Sears. Sears then instituted an action against plaintiff in Jefferson County magistrate court for the amount of the account. At the time of the magistrate action, plaintiff was separated from her husband. The trial

in the magistrate court resulted in a judgment finding that plaintiff was not indebted to Sears. But nevertheless, subsequent to the magistrate judgment in plaintiff's favor, Sears made repeated demands upon plaintiff for the payment of her husband's account. Plaintiff then instituted civil suit against Sears for malicious prosecution and sought $225 actual damages for attorney's fees in defending the magistrate action and for miscellaneous expenses, together with a prayer for punitive damages. The jury returned a verdict in favor of plaintiff for $225 actual damages and $12,000 in punitive damages.

■ Sears' appeal is directed to certain questions asked by plaintiff's counsel during the voir dire examination of the jury panel. During the voir dire examination, plaintiff's counsel inquired of the veniremen whether any of them worked for or had an interest in Sears or any of Sears' affiliates or subsidiaries "like Allstate Insurance Co." Sears' objection to the question relating to Allstate on relevancy grounds was overruled. On appeal Sears contends that it was error to permit voir dire examination as to Allstate Insurance Co., as it improperly injected the issue of insurance into the proceeding without setting any proper foundation as to whether Allstate was conducting the defense of the case when, in fact, it was not; that the purpose of the questioning was to poison the minds of the jury that a financially strong insurance company would fund any judgment.

We find no error in the plaintiff's inquiry into Sears' affiliate, Allstate Insurance Co. In Bower v. Hog Builders, Inc., 461 S.W.2d 784 (Mo.1970), a case particularly apposite to the instant case, the Missouri Supreme Court said l. c. 802:

"Defendant says this prefatory paragraph is the same as advising the jury that other companies are involved which will pay the judgment; that questions are permitted on voir dire examination

as to interest in an insurance company, but no cases go so far as to preface the question with the recitation that such insurance company has a policy of insurance protecting the named defendant. No error is present. *Certainly the plaintiffs were entitled to inquire as to any interest of prospective jurors in the parent and affiliated companies which obviously had an interest in the outcome of the case, and certainly the panel was entitled to know, as a basis for disclosing interest, the relationships of the companies.* 'A stockholder in a corporation which owns stock in another company is disqualified to act as juror in an action against the latter company.' 47 Am.Jur. 2d Jury, § 325, p. 896. Plaintiffs did not suggest in any way that the parent company would itself pay any judgment." (emphasis added)

■ The trial judge noted that the purpose of the limited questioning into Allstate was not to inject insurance into the case in the traditional sense where an insurance company would be bearing the financial burden of any judgment—and, indeed, the evidence was clear that Sears' own financial worth was substantially greater than Allstate's. Rather, the inquiry into Allstate was to determine whether any of the prospective jurors had an interest in Sears or its affiliates or subsidiaries. Under Bower v. Hog Builders, Inc. supra, the inquiry was proper. The trial court is vested with broad discretion in controlling the voir dire examination. Barnes v. Marshall, 467 S.W.2d 70, 76 (Mo. 1971); State v. Hill, 518 S.W.2d 682, 685 (Mo.App.1975). There was no abuse of the trial court's discretion in permitting plaintiff to probe for bias and prejudice of prospective jurors relating to their employment or business dealings with one of Sears' affiliates or subsidiaries. Littell v. Bi-State Transit Development Agency, 423 S.W.2d 34, 36–37 (Mo.App.1967).

■ Inasmuch as plaintiff sought punitive damages, evidence of Sears' financial worth was relevant and proper. State ex rel. Kubatzky v. Holt, 483 S.W.2d 799, 804 Mo.App.1972); Wisner v. S. S. Kresge Co., 465 S.W.2d 666, 669 (Mo.App.1971). In that regard, we note that Sears' financial statement, which was part of the evidence before the jury, makes specific reference of Allstate Insurance Co. as a part of the financial structure of Sears. Sears can therefore scarcely complain of any prejudice from the inquiry into Sears' affiliates when Allstate is before the jury as part of Sears' comprehensive financial position as prepared by Sears.

■ Sears has raised one other point on appeal: that the damages awarded were excessive and the result of bias and prejudice of the jury. However, there are no citations of authority in support of this point, and we treat it as abandoned on appeal. J.L.W. v. D.C.W., 519 S.W.2d 724 (Mo.App.1975); Earney v. Clay, 516 S.W. 2d 59, 63 (Mo.App.1974).

■ Plaintiff has filed a motion for damages against Sears for a frivolous appeal. We find that there was no apparent lack of sincerity in Sears' appeal; that the appeal was based on a good faith misperception of the function of plaintiff's voir dire examination into Allstate. Plaintiff's motion for damages for frivolous appeal is therefore denied. See Lafayette Fed. Sav. & Loan Ass'n of Greater St. Louis v. Koontz, 516 S.W.2d 502 (Mo.App. 1974); State ex rel. State Highway Comm'n v. Sheets, 483 S.W.2d 783 (Mo. App.1972).

The judgment of the trial court in favor of plaintiff for actual and punitive damages is affirmed.

SIMEONE, P. J., and McMILLIAN, J., concur.