MARK TWAIN BANCSHARES, INC., et al., Plaintiffs-Respondents,

v.

William KOSTMAN et al., Respondents,

and

First National Bank of St. Peters et al., Respondents-Appellants.

No. 35552.

Missouri Court of Appeals,
St. Louis District,
Division Three.

June 17, 1975.

Motion for Rehearing or Transfer
Denied Sept. 8, 1975.

of this court, *Mark Twain Cape Girardeau Bank v. State Banking Board*, Mo.App., 528 S.W.2d 443 (1975). Following that case, we sustain the position of the State Banking Board regarding corporate incorporators of banks.

The new bank in this case, Mark Twain O'Fallon Bank, was chartered on January 2, 1973, by the Commissioner of Finance following an investigation conducted pursuant to § 362.030, RSMo 1969. The new bank's incorporators, organizers, and first shareholders were fifteen (15) individuals and Mark Twain Bancshares, Inc., the holding company. The charter application showed that the holding company dominated the group, holding 80.5% of the bank's stock compared to 19.5% held by the individuals.

After the charter was issued, several existing banks in the O'Fallon area, appellants here, appealed the Commissioner's decision to the State Banking Board. They alleged that because the new bank would be owned and controlled by a holding company, its operation would be a violation of Missouri statutes prohibiting branch banking, §§ 362.105 and 362.107.

At a hearing on the appeal on March 1 and 2, 1973, the Board heard evidence and argument from both appellants and the Mark Twain O'Fallon Bank. In an opening statement before the Board, counsel for appellants specifically challenged the presence of the holding company, a corporation, as an incorporator of the new bank. Counsel argued that the provision of § 362.030 allowing "any five or more persons" to organize a bank did not include corporate "persons" as permissible incorporators. Counsel for the new bank did not object to the introduction of this issue, and the matter was debated at some length throughout the hearing.

On March 8, 1973, the Board reversed the Commissioner and held the Mark Twain

Niedner, Moerschel, Nack & Ahlheim, Paul F. Niedner, St. Charles, for respondents-appellants.

Hearnes, Padberg, Raack, McSweeney & Slater, Godfrey P. Padberg, St. Louis, for plaintiffs-respondents.

McMILLIAN, Judge.

This appeal arises out of an attempt by plaintiff-respondent Mark Twain Bancshares, Inc., a bank holding company, to join with a group of individuals in chartering a new bank in O'Fallon, Missouri. The facts of this case are very similar to those in another case recently before Division Two

O'Fallon Bank charter for naught. In the only points of the Board's findings of fact and conclusions of law pertinent to this appeal, the Board said that:

"Bancshares (the holding company) as such is the primary organizer and applicant for the charter of Mark Twain O'Fallon Bank and was the primary initiator of the concept of said proposed bank; that this effort is an attempt to organize a bank by a holding company as distinguished from an acquisition or an affiliation . . . .

"The Board finds that this application is an application for a bank charter which is in effect an application by a corporation for a branch bank . . . ."

■ Other portions of the Board's ruling dealt with the question of the new bank's operation and the state prohibition against branch banking.[1] We do not consider that issue here.

■ The holding company and the individual incorporators thereafter appealed the Board's decision to the Circuit Court of St. Louis County. Again the issue of a corporate "person" appearing as an incorporator of the new bank was raised (this time by pleadings) and debated. On June 27, 1973, the Circuit Court reversed the Board and reinstated the new bank's charter. The court found that "the order of the State Banking Board of 8 March 1973 reversing the action of the Commissioner of Finance was contrary to the weight of the competent, substantial and credible evidence and therefore arbitrary and capricious in that said Board substituted its discretion and judgment for that heretofore exercised by the commissioner."[2]

■ The dispositive issue on this appeal is whether a corporate entity is a "person" which can incorporate a bank pursuant to § 362.030, RSMo 1969. This question goes to the validity of the bank charter itself and precedes any other question raised con-

1. The Board's findings of fact and conclusions of law on the branch banking issue are woefully uninformative. As we noted in *Central Bank of Clayton v. State Banking Board*, 509 S.W.2d 175 (Mo.App. banc 1974), § 536.090 requires a written statement of the agency's findings of fact and conclusions of law as well as "a concise statement of the findings on which the agency bases its order." The ruling here does not comply with the statute on the branch banking issue, and would, if considered here, leave the court with "an impossible task" of determining the case de novo. *Century State Bank v. State Banking Board*, 523 S.W.2d 856 (Mo.App.1975).

The question of when a bank holding company operation becomes a violation of branch banking prohibitions has been hotly contested in recent appeals, although no appellate decisions have been addressed directly to the issue. We make three observations. First, it is the responsibility of the State Banking Board, as the administrative agency charged with banking regulation, and not the courts, to decide initially questions concerning banking statutes. The function of the courts in administrative procedure is to review actions taken by the Board, not to make initial decisions for the Board. Second, the Board has the statutory authority to move against what it feels to be violations of branch banking statutes in proceedings other than bank chartering appeals. See §§ 361.260, 361.270 and 361.280, RSMo 1969. And third, under § 361.105, the Commissioner and the Board have rule making powers that could be used to clarify some of the questions raised by holding company operations. Use of the rule making authority on these questions would do much to ensure fair and even regulation of bank holding companies, while also allowing all banks the opportunity to be heard on decisions which can substantially affect their operations even though they are not parties to a given case.

2. The Circuit Court's conclusion is a misstatement of the law. The substantial evidence test of administrative decisions is a judicial standard only. In an appeal from a decision by the Commissioner, the Board hears the case de novo. *Century State Bank v. State Banking Board*, 523 S.W.2d 856 (Mo.App.1975). Further, the test is whether the agency action is supported by substantial evidence upon the whole record, not whether substantial evidence supports a position contrary to that taken by the agency. See *Central Bank of Clayton v. State Banking Board*, 509 S.W.2d 175 (Mo.App. banc 1974).

cerning the proceedings in this case. Our decision on this issue is that a corporation is not a "person" within the meaning of § 362.030, and may not be an incorporator and applicant for a new bank. In reaching this decision we concur with Judge Clemens in his opinion in *Mark Twain Cape Girardeau Bank v. State Banking Board*, supra, a case which involves facts very similar to those here. A further discussion of the reasons for our decision here would only repeat what Judge Clemens stated in the *Mark Twain Cape Girardeau Bank* case, and is therefore omitted.

■ Respondents have contended that the issue of a corporate incorporator is not properly before this court because the issue was not raised before the Board or the Circuit Court. As our brief review of the facts above shows, the record discloses otherwise. The issue was raised without objection before the Board, and then was raised by pleadings before the circuit court.

The judgment of the circuit court is reversed and that part of the decision of the Banking Board relating to incorporation of the new bank is sustained. The cause is remanded with instructions that circuit court reinstate and affirm the decision of the Banking Board.

SIMEONE, P. J., and GUNN, J., concur.