Keith P. WILLIAMS and Phebe Williams, as husband and wife, Plaintiffs-Appellants,

v.

CITY OF KIRKWOOD, Missouri, et al., Defendants-Respondents.

No. 36883.

Missouri Court of Appeals, St. Louis District, Division One.

April 6, 1976.

Motion for Rehearing or for Transfer to Supreme Court Denied May 17, 1976.

Application to Transfer Denied July 12, 1976.

Millsap, Weil, Eyerman & Schenberg, Clayton, for plaintiffs-appellants.

Kappel, Neill, Staed & Wolff, Robert E. Staed, St. Louis, for defendants-respondents.

Ziercher, Hocker, Tzinberg, Human & Michenfelder, Albert A. Michenfelder, Jr., Edward F. Fehlig, Clayton, for defendants-respondents Kirkwood Knights of Columbus and Kirkwood Columbus Realty Co.

DOWD, Judge.

This is an appeal from a judgment of the St. Louis County Circuit Court in which

respondents' motions to dismiss appellants' amended petition with prejudice were sustained. The substance of respondents' motions was that the Circuit Court lost jurisdiction over the subject matter since appellants failed to bring an appropriate petition for administrative review within 30 days after receipt of written notice of an administrative decision. Appellants were complaining about a decision of the City of Kirkwood in granting a special use permit to respondent Kirkwood Knights of Columbus for a private recreational development.

The facts are undisputed. Appellants Keith and Phebe Williams filed suit on June 20, 1974, seeking injunctive relief against the City of Kirkwood, the mayor, the members of the city council, the Kirkwood Knights of Columbus, and the Kirkwood Columbus Realty Company, alleging that application had been made for a special use permit for the use and benefit of respondent Knights of Columbus. The land in question adjoined the Williams' property, and the proposed use was to be a private recreational development, which is permitted in all zoning districts. City of Kirkwood Ordinance No. 5085, Article IX, Sec. 1, Special Use Exceptions, Requirements, and Procedure (A)(12). The court issued a temporary restraining order. On the return date of the order to show cause, the parties agreed to the dissolution of the restraining order since the ordinance in dispute had not yet been enacted. After a public hearing, the city council on June 13, 1974 voted to grant respondent Realty Company's request for a special use permit. On July 11, 1974, the respondent city councilmen enacted an ordinance to this effect. Ordinance # 5736 granted a special use permit to the Realty Company for the use and benefit of the Kirkwood Knights of Columbus for a private recreational development. On July 17, 1974, the attorney for the City of Kirkwood sent a letter to appellants' attorney notifying him of the passage of this ordinance.

On October 5, 1974, appellants filed their first amended petition alleging that they had no adequate remedy at law and requesting injunctive relief against the enforcement of Ordinance # 5736, and against the use of said property as a private recreational development. All respondents moved to dismiss on the grounds that the petition was not timely filed pursuant to the requirements of the Administrative Procedure and Review Act. The specific requirement breached was that which requires filing a petition to review a final decision "within thirty days after the mailing or delivery of the notice of the agency's final decision." Rule 100.04(a), V.A.M.R. 1969. Respondents claim that the Circuit Court lost subject matter jurisdiction after the said 30 days had elapsed without a petition for review having been filed. The motions of respondents were sustained on January 29, 1975.

Appellants' appeal from the dismissal of their first amended petition is based on a three-pronged attack: 1) that the granting of the special use permit was a legislative act of the city council and not an administrative act subject to the provisions of Rule 100, V.A.M.R.; 2) assuming *arguendo* that the action of the city council was administrative, appellants "substantially" complied with Rule 100; and 3) even if appellants did not substantially comply with said rule, respondents "waived" their rights to plead the 30-day statutory limit as an infirmity in appellants' position.

█ In arguing that the city council acted legislatively when granting the special use permit, appellants see as crucial the fact that the special use permit was granted through an ordinance. Appellants cite Kirkwood's Zoning Ordinance, Article XVI–A, which provides that amendments to the zoning ordinance be enacted by ordinance. Appellants argue that this indicates that whenever an ordinance pertaining to zoning is issued it amends the general zoning ordinance. Thus, appellants reason, an amending ordinance is a legislative enactment and not subject to the review procedures for administrative actions. This is not the case. "A special permit is granted pursuant to the literal language of the zoning regulations. It does not, in any sense, effect an amendment of the zoning ordinance." 3 R.

ANDERSON, AMERICAN LAW OF ZONING § 15.04 (1968). In a recent case involving the affirmance of a grant of a special use permit it was stated: "No amendment to an existing zoning ordinance is involved here . . . the action taken by the Board . . . was merely the exercise of an administrative discretion expressly granted to it by the enabling act and the zoning ordinance." *City of Lake Lotawana v. Lehr,* 529 S.W.2d 445, 449[2] (Mo.App. 1975).

■ An ordinance can be legislative or administrative in nature. *Carson v. Oxenhandler,* 334 S.W.2d 394 (Mo.App.1960); *State ex rel. Ludlow v. Guffey,* 306 S.W.2d 552, 556–57[1–3] (Mo. banc 1957). There is no basis for appellants' assertion that this principle is limited to cases involving the availability of referendum provisions to particular acts of government. The fact that this special use permit was granted by ordinance is not controlling. "The form of a municipal procedure will be disregarded and the substance of its act, as administrative or legislative, will be considered . . ." 5 E. McQUILLIN, THE LAW OF MUNICIPAL CORPORATIONS § 16.55, at 214 (3d ed. 1969). Within this treatise, zoning is given as an example of a case in which "[m]uncipal legislative bodies may reserve to themselves . . . the power to grant or deny licenses or permits . . . The action . . . in such circumstances ordinarily is regarded as administrative, rather than legislative in character." McQUILLIN, supra, at § 25.217.

■ "The power to be exercised is legislative in its nature if it prescribes a new policy or plan; whereas, it is administrative in its nature if it merely pursues a plan already adopted by the legislative body itself . . ." *Anderson v. Smith,* 377 S.W.2d 554, 558[2] (Mo.App.1964), quoting McQUILLIN, supra, at § 16.55. Since Article IX, Sec. 1, of Kirkwood's zoning ordinance, entitled "Special Use Exceptions, Requirements, and Procedures," makes specific provision for special use permits, the issuance of a special use permit is in pursuance of an already adopted plan, and thus

administrative. A legislative body of a city acts administratively in granting special use permits. *State ex rel. Manchester Improvement Company v. City of Winchester,* 400 S.W.2d 47, 48[1] (Mo.1966). The same is true regarding the grant of conditional use permits. *State ex rel. St. Louis County v. Jones,* 498 S.W.2d 294, 299[2] (Mo.App. 1973).

■ Appellants further argue that under § 78.060, RSMo 1969, which governs third-class cities such as Kirkwood, land use, zoning, and planning are not among the five enumerated departments to which administrative authority is delegated. Therefore, such determinations are legislative, appellants argue. This is not the case. The fact that administrative powers over land use, zoning, and planning are not delegated to an executive department means that the city council retains power to act both legislatively *and* administratively in this area.

Appellants' second point is that if a 30-day requirement is to be enforced, then they "substantially complied" with it since Missouri courts have rejected "any technical interpretations of the Administrative Procedure Act." We cannot accept this argument. In all five cases that appellants cite, the 30-day requirement was followed, but the petition in question was deficient in some other respect. The courts in each case permitted the appeal in spite of the deficiency, but all were influenced by, and commented favorably upon, the fact that the appeals were filed within the 30-day statutory limitation.

■ In *State Board of Registration for Healing Arts v. Masters,* 512 S.W.2d 150, 159[6] (Mo.App.1974), the court held that a circuit court was without jurisdiction to hear a petition for review of an agency decision not filed within the 30-day period. Clearly the 30-day period is not just a "technicality" which courts can choose to overlook. "The right of appeal is purely statutory and courts may not enlarge the period in which notice is required. Such timely notice is a prerequisite to jurisdic-

tion." *Lafayette Federal Savings & Loan Association of Greater St. Louis v. Koontz,* 516 S.W.2d 502, 504[6–7] (Mo.App.1974).

The fact that appellants proceeded under the remedy of injunctive relief is further evidence that they did not "substantially comply" with Rule 100. In *State ex rel. St. Louis County v. Jones,* supra, the court held that parties who objected to a proposed grant of a conditional use permit had a clear and adequate remedy at law under Rule 100 and thus could not maintain an action for injunction.

Here appellants had an adequate remedy at law as provided for by Rule 100. The appellants totally failed to comply with Rule 100 by not filing a petition for review within 30 days of the notification of the enactment of the ordinance.

Nor does the fact that appellants had instituted litigation prior to the passage of the ordinance cure the jurisdictional defect. Appellants had succeeded in obtaining a temporary restraining order on June 20, 1974. This was dissolved by agreement of all the parties on July 1, 1974, since the special use permit had not yet been granted. On July 17, 1974, appellants' attorney was notified of the passage of the ordinance granting the special use permit, but no action against the ordinance was taken until appellants' first amended petition was filed October 5, 1974—two and one-half months later. The June 20 action, which was *before* the final action of the city council, in no way satisfies the requirement that notice of appeal be filed 30 days *after* mailing or receipt of notice of the decision. Rather, the earlier action only demonstrates that appellants had actual notice of the action contemplated by the city council and should have been prepared to petition for review within 30 days after the decision was final. The court looks to actual notice in this type of situation. *State ex rel. Pruitt-Igoe District Community Corp. v. Burks,* 482 S.W.2d 75, 79[5, 6] (Mo.App.1972), *Cohen v. Ennis,* 318 S.W.2d 310, 315–16 (Mo. banc 1958).

Finally, appellants allege that respondents "waived their respective rights" to plead the 30-day statutory requirement against appellants. They rely on the July 1, 1974, dissolution of the temporary restraining order by the stipulation of all the parties. However, the fact that within the stipulation all parties agreed "that a special use permit shall not be utilized until such time as this Court shall hear evidence on the issues presented herein . . ." did not mean that appellants were released from the 30-day filing requirement after the decision to grant the special use permit became final. Appellants could have readily transformed their then pending action into a petition for review pursuant to Rule 100.04 within the 30-day period.

Furthermore, this Court has held that jurisdictional rules can be waived neither by the courts nor the litigants. In *Lafayette Federal Savings & Loan Association of Greater St. Louis v. Koontz,* supra, respondent had stated in writing to appellants that it would not object to the late filing of a petition for review. The court, relying on *Bash v. Truman,* 335 Mo. 1077, 1080[1], 75 S.W.2d 840, 842 (banc 1934), restated the following rule: "[I]t is a maxim of the law of procedure that litigants can not by consent confer jurisdiction of the subject-matter," *Lafayette,* supra, at 504.

The words we stated in the *Lafayette* opinion are an appropriate closing here: "While we are in sympathy with plaintiff-appellant, we find nothing in the statutes or the case law in Missouri which would permit this court to waive the jurisdictional defect in the suit below. Rather, the case law and statutes prohibit this or any court from so doing." *Lafayette,* supra, at 504.

The judgment is affirmed.

WEIER, P. J., and McMILLIAN, J., concur.