STATE of Missouri ex rel. MANCHESTER BANK WEST COUNTY and Manchester Financial Corp., Relators,

State Banking Board of the State of Missouri, and Director of Finance of the State of Missouri, Intervenors,

v.

The Honorable Richard T. ENRIGHT, Judge of the Circuit Court of St. Louis County, Missouri, Division 3, Respondent.

No. 40426.

Missouri Court of Appeals, Eastern District, Division Two.

June 12, 1979.

David F. Ulmer, Thompson & Mitchell, Peter A. Fanchi, St. Louis, for relators.

Terry C. Allen, Asst. Atty. Gen., Irven L. Friedhoff, Division of Finance, Jefferson City, for intervenors.

STEPHAN, Presiding Judge.

Relators seek to prohibit respondent from reinstating an order, stayed during the pendency of these proceedings. The order would remand to the State Banking Board the appeal of the Plaza Bank of West Port from the granting of a charter to the Manchester Bank West County. For reasons hereinafter stated, we make permanent the preliminary writ.

On April 8, 1976, five individual organizers filed an application with the director of finance [1] to incorporate the proposed Manchester Bank. Pursuant to § 362.030, RSMo 1969, the director thereafter conducted an investigation based on the criteria specified in that statute to consider the viability, reputability and necessity of the proposed bank. As part of that examination, the director sought the views of competitor banks in the service area of the proposed bank. Having requested and received an extension of time in which to respond, Plaza Bank of West Port answered a questionnaire from the director and submitted various documents to the director in opposition to the issuance of the charter to Manchester Bank. On September 17, 1976, the director granted the charter, posting notice of such action on that date on the public bulletin board in the office of the Division of Finance in Jefferson City as required by § 361.110. In addition, notice of the director's order granting the charter was mailed, on that same date, to a number of affected parties; in the case of Plaza Bank, such notice was sent directly to the bank president, Mr. S. Dale Boughton.

On October 5, 1976, eighteen days after the issuance of the charter, Plaza Bank submitted an appeal of that order of the director. As grounds for reversal, Plaza Bank therein alleged that an additional bank was unnecessary to provide for the convenience and needs of the community in the proposed service area and that the volume of business in the area was not such as to ensure the solvency of Plaza Bank and an additional bank. The appeal was rejected by the director on the grounds that he lacked authority to accept an appeal filed after the ten-day limit prescribed in § 361.-

1. Before passage of the Omnibus State Reorganization Act of 1974, RSMo Supp.1975, the director of finance was denominated the "Commissioner of Finance." Section 361.010 RSMo 1969 and RSMo Supp. 1975, Appendix B, § 4.8. Most of the applicable banking laws to which we will refer have not been amended to reflect that change. The two terms will therefore be used interchangeably throughout this opinion.

094. Plaza Bank appealed that decision to the State Banking Board. The board similarly dismissed the appeal and denied Plaza Bank's request for a hearing on the matter, declaring itself without authority to hear the appeal because it had been untimely filed.

There then followed a series of appeals to the circuit courts of this state. Plaza Bank initially petitioned the Circuit Court of Cole County for a review of the board's decision, requesting a remand for a hearing before the board on the merits of its appeal. Plaza Bank contended that the board had wrongly ruled on the issue of its jurisdiction to hear the appeal and that, furthermore, the decision had been rendered without a public meeting, thereby violating Chapter 610, RSMo, the "Sunshine Law." The circuit court remanded the case to the board for a hearing, ruling that any determination as to the sufficiency of Plaza Bank's appeal had to be made at a meeting which complied with Chapter 610. Pursuant to that order of the circuit court, the board held such a public meeting on April 4, 1977, and again determined that it lacked jurisdiction to hear Plaza Bank's appeal of the issuance of the charter to Manchester Bank.

Plaza Bank then petitioned the Circuit Court of St. Louis County for review of the board's decision of April 4, alleging that that order was void because notice of the meeting was unreasonable, because Plaza Bank's attorney was not allowed to participate and because the order was not accompanied by findings of fact and conclusions of law. Plaza Bank again requested a hearing on the merits of its appeal. Judge Orville Richardson again remanded to the board for a hearing "as required by law" on the issue of the board's jurisdiction to hear the appeal, and for a hearing on the merits should the board determine that it had such jurisdiction. This order of the court was issued with the consent of all involved parties, which at this point included Manchester Bank as intervenor. On September 1, 1977, the board held the hearing mandated by the order, and on September 15, it issued an order, accompanied by findings of fact and conclusions of law, in which it again

ruled that it lacked jurisdiction in the matter because of the untimeliness of the original appeal.

Plaza Bank then petitioned the St. Louis County Circuit Court for judicial review of the board's ruling of September 15. After overruling motions to dismiss filed by Manchester Bank, the board and the director, and Manchester Bank's motion for judgment on the pleadings, respondent Judge Richard T. Enright remanded the cause to the board for a full hearing of all the issues on their merits. Judge Enright thereafter set aside that order provisionally for ten days to allow the parties to apply to this court for a writ of prohibition. Manchester Bank did so within the time prescribed by Judge Enright; the director of finance and the State Banking Board appear herein as intervenors.

■ Plaza Bank's counsel did not file a brief on behalf of the respondent judge, as is the custom in connection with writs of prohibition. However, in examining the voluminous pleadings in the underlying action, as well as the transcript of the September 1, 1977, hearing, we observe that Plaza Bank has attempted to inject issues into the case other than the timeliness, vel non, of the notice of appeal to the board. For example, Plaza Bank contends that the five incorporators of Manchester Bank were in fact straw parties for Manchester Financial Corporation (MFC) and, as such, lacked capacity to act as incorporators under Chapter 362, RSMo. Two recent cases, *Mark Twain Cape Girardeau Bank v. State Banking Board*, 528 S.W.2d 443 (Mo.App.1975), and *Mark Twain Bancshares, Inc. v. Kostman*, 541 S.W.2d 1 (Mo.App.1975), have held that a bank holding company could not act as an incorporator of a bank. However, if it was error for the director to issue the charter under the precise facts leading up to the filing of the application, Plaza Bank forfeited its right to develop those facts before the State Banking Board by its failure to file an appeal within ten days as required by § 361.094.

The board correctly held that it was without jurisdiction to entertain the appeal because of the untimeliness of its filing. As with judicial review, where the time for filing an appeal is dictated by statute, "timely notice is a prerequisite to jurisdiction." *Lafayette Federal Savings and Loan Association v. Koontz*, 516 S.W.2d 502, 504 (Mo.App.1974). See also *Hagen v. Perryville Board of Aldermen*, 550 S.W.2d 797, 799 (Mo.App.1977). An ineffective notice of appeal to an administrative agency from a decision of a subordinate presents nothing to the administrative agency to review. *State ex rel. Johnson v. Burks*, 463 S.W.2d 586, 588 (Mo.App.1971). In affirming an appeal from a writ of prohibition issued against a municipal administrative agency in which a complaint, required by ordinance to be filed within sixty days, was not filed until 117 days after the act which gave rise to it, the court said:

> "The remedy is an integral part of the right and the requirements of the ordinance, including the time limitation for the filing of a complaint, must be strictly followed or the right and corresponding liability ends. Not only is the remedy no longer available, but the right itself is extinguished." *St. Louis-San Francisco Railway Company v. Mayor's Commission on Human Rights and Community Relations*, 572 S.W.2d 492, 493 (Mo.App.1978).

Plaza Bank would excuse its tardiness in filing the notice of appeal on the grounds that the director's decision granting the Manchester Bank charter was sent to its president rather than to its attorney, who maintained an office in the bank building. It was received by the president in due course of the mails. Under the circumstances of this case, we do not find this to be a fatal defect in the notice. The only requirement in the statutes for notice to interested persons is that found in § 361.110 which requires that the commissioner of finance post a notice on a public bulletin board in his office at noon on Friday of each week stating, inter alia, the name and location of every corporation to which he has granted a charter. This was done on the day the charter was issued, September 17, 1976, which was the same day that the notice was sent to the Plaza Bank president. Furthermore, up to the point when the charter issued, the investigation conducted by the commissioner was an ex parte proceeding, as contemplated by § 362.030. The fact of the investigation was communicated to the Plaza Bank in the performance of the commissioner's functions, not as the fulfillment of some right possessed by that bank; the extension of time in which to respond to the commissioner's inquiry was granted as an accommodation, not as a matter of right. In short, it was incumbent upon the Plaza Bank to remain informed of the developments relating to Manchester Bank's charter application; the information was gratuitously imparted to Plaza Bank; and it cannot now complain that, because the notice of the granting of the charter was sent to its president rather than to its attorney, the ten day limitation on appeals to the board did not run.

Finally, we reject the notion advanced by Plaza Bank in various pleadings and documents in the file to the effect that the granting of the charter was a "void order" and therefore subject to collateral attack at any time under § 536.100. A void judgment is one which is rendered by a tribunal acting without competency to render it, due to a lack of jurisdiction over the parties, the subject matter or the remedy ordered by that tribunal. *Ringeisen v. Insulation Services, Inc.*, 539 S.W.2d 621, 625–626 (Mo.App.1976); *Crockett Oil Company v. Effie*, 374 S.W.2d 154, 156 (Mo.App.1964); *Flynn v. Janssen*, 266 S.W.2d 666, 670 (Mo.1954). The issue of the qualifications of the incorporators was clearly within the jurisdiction of the director and, even if it was erroneously decided (a question we do not reach), the decision was not void.

Inasmuch as the State Banking Board lacks jurisdiction to hear the appeal of Plaza Bank, reinstatement of the trial court's order remanding the matter for such a hearing is beyond the jurisdiction of the trial court.

The preliminary rule in prohibition is made absolute.

KELLY and STEWART, JJ., concur.