James **REYNOLDS** and Carol Reynolds, Husband and Wife, Appellants,

v.

**CITY OF INDEPENDENCE,** Missouri, Respondent.

No. WD 35402.

Missouri Court of Appeals, Western District.

April 23, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied May 28, 1985.

Application to Transfer Denied Aug. 7, 1985.

Sherwin L. Epstein and Brian Timothy Meyers, Kansas City, for appellants.

John M. Gibson and William B. Moore, Independence, for respondent.

Before PRITCHARD, P.J., and SHANGLER and BERREY, JJ.

PRITCHARD, Presiding Judge.

Plaintiffs are owners of property abutting a public alley within the city of Independence, which, on application of the First Baptist Church of Independence, was vacated in part by defendant's Ordinance No. 7437 on March 21, 1983. On July 21, 1983, plaintiffs filed their petition for declaratory judgment seeking a determination that the ordinance is invalid, unlawful and void so as to be of no further force and effect. Defendant filed a motion to dismiss the petition upon the ground that it was not timely filed (within 30 days after enactment of the ordinance). The trial court sustained the motion and dismissed the petition.

The parties join issue in their briefs as to whether the action of defendant is that of an administrative agency governed by the

Administrative Procedure Act, Chapter 536, RSMo 1978. Plaintiffs say that it is not, but that it was a *legislative* act not within the purview of Chapter 536. Defendant says that the enactment of the ordinance was an administrative act, and thus the Act, and its provision, § 536.110.1, for filing a petition for judicial review within 30 days after the enactment of the ordinance governs.

The organic law as to judicial review of actions of administrative agencies is contained in Const. Mo. Art. V, § 18 (as amended, 1976). That constitutional enactment provides that all findings, decisions, rules and orders of any administrative officer or body existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights, shall be subject to direct review by the courts as provided by law. Chapter 536, RSMo 1978, provides the procedure for review. Section 536.010(1) defines an "agency" as meaning any administrative officer or body existing under the constitution or by law and authorized by law to make rules or to adjudicate *contested* cases; and (2) a "contested case" means a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing. Administrative decisions which are judicial or quasi-judicial in nature, and which are made after hearing, are reviewable upon the agency record made under § 536.100 as contested cases; those which are not judicial or quasi-judicial in nature (and in which there is no law requiring a hearing) are subject to review as noncontested cases under § 536.150, in which the reviewing court, by way of injunction, certiorari, mandamus, or other appropriate remedy, may determine the facts and determine therefrom whether the decision is unconstitutional, unlawful, unreasonable, arbitrary, capricious or involves an abuse of discretion, and render judgment accordingly.

■ There is no doubt that defendant in certain circumstances could act administratively, thus making the review provisions of Chapter 536 applicable. That would be the case where the municipality delegates authority to enforce or execute an ordinance, or where it retains that authority unto itself. E. McQuillin, Municipal Corporations, § 25.217 (3rd ed. 1981), *State ex rel. Ludlow v. Guffey*, 306 S.W.2d 552, 556[1–3] (Mo. banc 1957), where the power is delegated, its exercise is administrative. *State ex rel. Steak n Shake, Inc. v. City of Richmond Heights*, 560 S.W.2d 373, 376[1] (Mo.App.1977), and cases cited. And when the exercise of the delegated power affects a private right, it is subject to judicial review under the Administrative Procedure Act. See *Williams v. City of Kirkwood*, 537 S.W.2d 571, 573[1] (Mo.App.1976).

■ The City of Independence is a charter form of government known as a "council-manager government" which was adopted in 1961 under Const. Mo. Art. VI, § 19. Its charter provisions have the force and effect of enactments of the legislature, if consistent with and subject to the constitution and laws of the state. *Giers Imp. Corp. v. Investment Service*, 361 Mo. 504, 235 S.W.2d 355 (1951). Among its powers enumerated in Article I, Sec. 1.3, of its charter is (12), "To establish, open, relocate, close, *vacate* * * * streets, alleys, boulevards, parkways, other public highways, * * *." [Emphasis supplied] By Article 12, § 12.2(1) a planning commission is given the power to develop and recommend to the council a master plan for the physical development of the city and its environs, which may be adopted in its entirety or in parts, and recommend changes therein. In this case the application of the First Baptist Church to close a portion of the alley, which had been designated a one-way alley going northward from Truman Road to Farmer Street to the north, was referred to the planning commission which conducted a public hearing on the proposal which sought to vacate the portion of the alley from the north line of Truman Road to a point 319 feet south of the south line of Farmer Street. The planning commission recommended to the council that the vacation of the alley be approved by a vote of 3 to 2. Thereafter, the city council enacted

Ordinance No. 7437, vacating said portion of the alley.

 " 'The power to be exercised is legislative in its nature if it prescribes a new policy or plan; whereas, it is administrative in its nature if it merely pursues a plan already adopted by the legislative body itself.' " E. McQuillin, Municipal Corporations, § 16.55 (3rd ed. 1981), cited in *Williams v. City of Kirkwood*, supra, page 574[2–5], and in *Anderson v. Smith*, 377 S.W.2d 554, 558[2] (Mo.App.1964). The foregoing quote should serve to remove the apparent confusion of the parties as to whether the enactment of the ordinance was a legislative or an administrative function. Because the ordinance prescribes a new policy or plan in vacating the alley which had not been already adopted, it is clearly a legislative act. [It is not judicial or quasi-judicial.] The power to legislate the laws may not be delegated. *City of Unionville v. Martin*, 95 Mo.App. 28, 68 S.W.2d 605, 607 (1902). It seems clear under the cases that the power to locate and vacate public streets is a purely legislative function. *Glasgow v. City of St. Louis*, 107 Mo. 198, 17 S.W. 743, 744 (1891), where the court said, "The charter of the city of St. Louis gives the mayor and assembly power by ordinance 'to establish, open, vacate, alter, widen, * * * all streets, sidewalks, alleys,' etc.", and "Whether the street should be kept open or vacated was purely a matter of expediency, and that was a question for the municipal assembly, and not the courts, to decide. (Citing cases)."; *Windle v. Lambert*, 400 S.W.2d 89, 93 Mo.1966); and see the discussion at page 406 of *Carson v. Oxenhandler*, 334 S.W.2d 394 (Mo.App.1960).

Defendant city retained unto its council the power to establish or vacate streets. It never did delegate that authority to the planning commission, the power of which was merely to hold hearings (to establish facts) and make a recommendation to the council. The fact that the charter provisions, Article 12, § 12.4(5), provides that the master plan or elements thereof and any changes therein may be recommended by the city planning commission only after a public hearing thereon, and may be adopted by the council only after a public hearing thereon, does not change the latter proceedings into one subject to review under the Administrative Procedure Act.

 Section 527.020, RSMo 1978, provides that "Any person interested under a deed (etc.) * * * or whose rights, status or other legal relations are affected by a statute, municipal ordinance * * * may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other relations thereunder." See generally, 22 Am.Jur.2d Declaratory Judgments, § 25, p. 870; and note *City of Joplin v. Jasper County*, 349 Mo. 441, 161 S.W.2d 411, 412–413[1][2–4] (1942). Among other matters, plaintiffs have alleged that their property adjoins (i.e. abuts) the alley in question, a fact which must be proved to establish their standing to contest the validity of the vacation ordinance. *Arcadia Realty Co. v. City of St. Louis*, 326 Mo. 273, 30 S.W.2d 995 (1930). They also allege that their access to their property from Truman Road is deprived. [It would appear that if that is true, plaintiffs would be able to have *access* to the property from Truman Road, but their egress therefrom, having to travel south to Truman Road on this one-way northbound alley, would be impaired.] The further allegation is that the vacation constitutes taking of public land for a purely private use. If that is true, it is a matter for the courts, not the city council. *Glasgow v. City of St. Louis*, supra, 17 S.W. p. 745.

Plaintiffs' action for declaratory judgment as to the validity of the ordinance vacating a portion of the alley in question lies to the exclusion of any review proceedings under the Administrative Procedure Act. The trial court therefore erred in sustaining the motion to dismiss the petition on the asserted ground that it was not timely filed under § 536.110.1.

The judgment is reversed and the case is remanded with directions to reinstate plain-

tiffs' petition for declaratory judgment for a hearing on the merits of its allegations.

All concur.