Rafael CAPPIELLO,
Petitioner–Appellant,

v.

CITY OF ST. LOUIS CIVIL SERVICE COMMISSION,
Respondent–Respondent.

No. 55894.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 30, 1989.

Arthur J. Martin, St. Louis, for petitioner-appellant.

Kathleen A. Gormley, Edward James Hanlon, Government Counsel, St. Louis, for respondent-respondent.

SIMEONE, Senior Judge.

This is an appeal by appellant, Rafael Cappiello, from an order of the circuit court of the City of St. Louis, entered October 27, 1988, which held that appellant's appeal to the St. Louis Civil Service Commission from his separation from the St. Louis Fire Department, whether voluntary or allegedly forced, was under the prescribed rules of the Civil Service, not timely because such appeal was not filed within ten days from the "effective date" of his separation. We affirm.

The issues to be determined are (1) whether appellant's appeal of his separation (or as appellant phrases it—"the Department's action compelling him to retire") from the fire department to the Civil Service Commission was timely pursuant to the Rules of the Civil Service Commission, and (2) whether the appeal to the Civil Service Commission under its rules was filed within ten days of the "effective date" of a "dismissal, retirement or demotion" of a regular employee.

Appellant, Mr. Cappiello, is a resident of the City of St. Louis, and for some 27 years was employed as a regular fire fighter by the St. Louis Fire Department. From all indications, he was a conscientious and dedicated fireman. In April, 1987, appellant developed a medical condition and sought treatment from Dr. Edwin Wolfgram. This condition interfered with his ability to operate a fire truck. On or about April 29, 1987, he furnished the fire department with the physician's opinion that, although he was able to continue as a firefighter, he should not be permitted to operate or drive a fire truck until he received further medical treatment. Appellant was then placed on sick leave from approximately April 29, 1987 through September 29, 1987.

On September 24, 1987, the medical officer of the Fire Department suggested or "directed" that appellant meet with the deputy chief, and on September 30, 1987, a meeting took place between the medical officer, the deputy chief and appellant. At that time the deputy chief inquired whether appellant was able to return as a firefighter and operate fire "apparatus." Appellant informed him that under the medical terms of his physician, he could return as a firefighter, but that he "could not drive or operate fire apparatus."

On September 30, 1987, the deputy chief informed appellant that he would not reinstate appellant to his duties as a fireman with driving privileges, and that if appellant were unable to return to his duties, including operating a fire truck he "would no longer be employed by the Fire Department and should retire." [1]

Then on or about January 29, 1988, appellant completed an "employee status form," [2] which (1) contains appellant's signature showing the appellant is "resigning to accept ordinary disability retirement," (2) shows that he is due 394.8 hours of

vacation and sick leave in the amount of $4,269.76 [3], (3) indicates his last day of work was September 13, 1987, and (4) shows his last day on the payroll was January 28, 1988. The date January 29, 1988 appears on the status form opposite the name of the payroll clerk. The form contains a statement that "any regular permanent employee who believes that he or she has been dismissed without just cause may within ten (10) days of the effective date of such action, [dismissal] request a hearing by the Civil Service Commission." As a result of his "retirement" appellant receives a gross sum of $1,621.74 per month. His first retirement check was dated February 27, 1988, and was received on or about February 28, 1988.

On March 2, 1988, Cappiello appealed to the Civil Service Commission of the City of St. Louis and requested a hearing to determine "the reasonableness of the Fire Department's actions."

After this appeal, the Secretary of the Civil Service Commission and the attorney for appellant engaged in certain correspondence. On March 9, 1988, the secretary of the Commission wrote the attorney for the appellant that the records of the Department of Personnel indicate that appellant resigned effective January 28, 1988 "in order that he might accept ordinary disability retirement." There was nothing, the secretary said, to indicate that the appointing authority ordered appellant's retirement from city service as a disciplinary action, therefore the Department of Personnel considered such retirement to be voluntary. Accordingly, the Civil Service Commission denied appellant a hearing.

On March 21, 1988, appellant's attorney responded that he "saw" nothing on the status form to indicate that appellant's "decision to retire" was voluntary, and contended that the fire department improperly

---

1. Appellant contends that other firefighters have been permitted to perform their duties even though their ability to operate fire apparatus may be "affected, limited or precluded by physical, medical or legal disability."

2. The form does not say "dismissal, retirement or demotion."

3. Appellant received pay for accrued vacation and holiday pay on or about February 5, 1988, but he contends that the 394.8 hours of holiday and vacation leave accrued as of January 28 "was sufficient to pay him through approximately March 23, 1988."

refused to reinstate him to his duties with limited driving privileges and that the department "forced" him to retire rather than accommodate appellant's medical disability in the same fashion as other firefighters.

On April 6, 1988, the secretary responded to the attorney's March 21, letter. He stated that the Civil Service Commission at its last regular meeting gave consideration to the denial of the appeal and unanimously sustained its action to deny the appeal. However, he gave the attorney an opportunity that, "if you have any documented evidence that appellant's retirement from the city service was in fact under duress, the attorney should furnish such information for the Commissioner's further consideration."

On April 18, 1988, the appellant's attorney responded relying on Civil Service Rule XIII, Section 1(a) and submitted Mr. Cappiello's affidavit contending that he was "compelled" to apply for disability retirement "without just cause." He argued that under the Rules, Mr. Cappiello was entitled to a hearing to determine whether the department unreasonably required him to retire because he was medically unable to operate certain fire department apparatus, and whether he was required to retire "under duress."

The secretary's response to this last leter on April 19, 1988, was that the appeal to the Civil Service Commission from appellant's "alleged forced retirement was filed in an untimely manner." The secretary indicated that the personnel records indicate that appellant's retirement was effective January 28, 1988 and that under the Rules, appeals must be filed within ten days of "the effective date of the action taken." Since the appeal was filed on March 2, 1988, it was beyond the ten day period; accordingly the Commission "must" deny the request for appeal.

Following the next procedural step, on May 19, 1988, appellant filed his petition for review in the circuit court pursuant to the Missouri Administrative Procedure Act, §§ 536.100, 536.110, R.S.Mo.1986. In his petition for review, appellant recited the above facts. He contended that the "effective date" of the "Fire Department's decision" to "compel" him to retire could not predate February 27, 1988, the date he received his first retirement check, so that his appeal to the Commission was filed within ten days from February 27, 1988. Appellant prayed for an order and judgment reversing the decision of the Civil Service Commission, granting him a hearing and for attorney's fees and costs.

In the trial court, the respondent-Commission contended that on January 28, 1988 (the day appellant signed the status form), appellant "resigned" in order to accept ordinary disability retirement. That was the effective date of his resignation and his last day on the payroll, so that the Commission did not err in finding that appellant's appeal was untimely as not being filed within ten days from the "action" taken.[4]

The trial court entered its "Memorandum and Order" on October 27, 1988. The court considered itself bound by the Commission's procedural rules and giving the words "effective date" their ordinary and plain meaning, the Commission could properly conclude that a "resignation or forced retirement" is effective when the employee is removed from the payroll, (January 28, 1988), hence appellant's retirement was effective more than 10 days prior to March 2, 1988 (the date of appellant's appeal). The trial court concluded that the appeal to the Commission was untimely and that appellant, having failed to exhaust his administrative remedies, dismissed his petition for review.

On this appeal, appellant contends that the trial court erred for the reasons that (1) the respondent-Commission waived the

---

**4.** The parties disagree as to what the "action taken" actually was. Appellant contends the action taken was the fire department's action in compelling him to retire because he could not physically operate fire department apparatus and became effective when he actually began to receive retirement benefits, February 27, 1988, or in the alternative March 23, 1988, when his vacation time would expire. The Commission contends that the "action" was appellant's voluntary resignation to take disability benefits when he completed the status form on January 28, 1988.

timeliness of filing an appeal with the Commission, (2) the court erroneously determined the "effective date" of the "action taken," January 28, 1988, which began the running of the time for purposes of appeal to the Commission, (3) appellant had no notice of the "effective date" of his "forced" retirement, and (4) the court's determination that appellant's retirement was voluntary [5] was not supported by competent and substantial evidence.

■ As to appellant's first point, appellant contends that the Commission waived the ten day period by proceeding initially to consider the merits of his appeal and "twice" denied the appeal based on a cursory view of the merits before the untimeliness issue was finally raised.[6] Therefore the Commission waived the limitations period in order to address the merits of appellant's claim.

Rule XIII, Section (1)(a) of the City of St. Louis Civil Service Rules provides:

Any regular permanent employee ... who has permanent status ... and who believes he or she has been dismissed, retired, or demoted without just cause may, within ten (10) days after the effective date of such action, request in writing a hearing to determine the reasonableness of such action....

We see nothing in the letters from the Commission which would constitute a waiver of the time constraint. Furthermore, appellant attempts to equate a statute of limitations with Rule XIII of the Commission. Such limitations as found in Rule XIII are uniformly held to be jurisdictional in nature, so that an appeal which is untimely preserves nothing for review by the administrative agency. In *State ex rel. Manchester Bank v. Enright*, 584 S.W.2d 416 (Mo.App.1979), this court stated:

As with judicial review, where the time for filing an appeal is dictated by statute, 'timely notice is a prerequisite to jurisdiction. [citing cases]. An ineffective notice of appeal to an administrative agency from a decision of a subordinate presents nothing to an administrative agency to review.'

584 S.W.2d at 419. *See also, Lafayette Fed. Sav. & L. Ass'n of Gr. St. Louis v. Koontz*, 516 S.W.2d 502, 504 (Mo.App.1974) where it was held that this court could not waive the jurisdictional defect in the interests of substantial justice.

■ As to appellant's second point that the court erred in finding that the effective date of the "action" was the day appellant signed the status report, January 28, 1988, rather than February 27, 1988, the date he began receiving benefits or March 23, 1988, the last day possible for vacation benefits, we conclude that the court did not err in this regard.

Appellant argues that the action taken by the Department concerning retirement began in earnest about September 30, 1987 at the meeting with the deputy chief, and that completing the ambiguous status form on January 28, should not be considered the effective date to file an appeal. Appellant argues that he logically assumed that the effective date of his allegedly forced retirement began on February 27, 1988 when he first received his retirement benefits.

The trial court concluded that it was bound by the Commission's reasonable construction of its own rules, and giving the words "effective date" their ordinary and plain meaning, the Commission properly concluded that the resignation or "forced retirement" is effective when the appellant was removed from the payroll—January 28, 1988. That is the date that the action, whether a voluntary resignation or a compelled retirement came to fruition. Neither February 27, 1988 nor March 23, 1988 can be considered the "effective date" of "such action." We agree.

---

5. A careful reading of the Memorandum and Order of the court does not explicitly indicate that it found that the appellant's retirement was voluntary. Rather, the court found that the Commission could properly conclude that a "resignation, or forced retirement, is 'effective' when the employee is removed from the payroll."

6. Appellant's brief in this regard is very unclear. He must be referring to the secretary of the Commission's letters of March 9, 1988 and of April 6, 1988 giving appellant an opportunity to provide documentary evidence that appellant's retirment was under duress.

Whether appellant voluntarily resigned to accept retirement benefits as the respondent contends, or whether he was "compelled" to retire as appellant contends, January 28, 1988, must be considered the effective date of appellant's termination. The effective date is not the day he received his first retirement check. Any "such action" within the meaning of the Civil Service Rules was accomplished on January 28, 1988, not at some later date.

We therefore affirm the order of the circuit court concluding that appellant's appeal to the Commission was untimely so that his administrative remedies were not exhausted.

Appellant cites a number of decisions to support his position concerning his view of the effective date of the "action" complained of. We have reviewed those decisions and find them not controlling.

■ We find no merit to the appellant's contentions (1) that he had no notice of the effective date of his "forced" retirement. The trial court found notice and we conclude in so doing, did not err, or (2) that the court's determination that appellant's retirement was voluntary was not supported by competent and substantial evidence. There was sufficient evidence for the court to find that appellant resigned to accept retirement benefits on January 28, 1988. But in any event, the crucial issue is, and the trial court concluded, that appellant's appeal was not timely filed. We agree.

In sum, while we are sympathetic to the position of the appellant, we hold that, under the recognized principles of judicial review, there was no error.[7]

The order and judgment is affirmed.

PUDLOWSKI, C.J., and CARL R. GAERTNER, J., concur.

---

7. We commend the trial judge for the thorough "Memorandum and Order" setting forth the facts, and the appropriate principles of law with supporting citations. Such practice is of considerable aid to an appellate court, forced to review a decision of the trial court, often without the aid of the benefit of a memorandum supporting the particular decision.